# CHARLESTON.

WHITE *et al. v.* ROMANS.

Submitted January 22, 1887—Decided April 9, 1887.

1. DECLARATION—PLEADING AND PRACTICE.

It is an elementary rule in pleading, that the declaration must allege all the circumstances necessary for the support of the action, and contain a full, regular and methodical statement of the injury, which the plaintiff has sustained, with such precision, certainty and clearness, that the defendant may be distinctly informed of the specific grounds of the action, and thus be enabled to answer by a direct and unequivocal plea with evidence to support it. (p. 574.)

2. DECLARATION—DEMURRER, PLEADING AND PRACTICE.

A case in which the declaration fails to conform in its averments to the essential requirements of this rule, and is, therefore, held fatally defective and insufficient on general demurrer. (p. 575.)

*H. K. Shumate,* for plaintiff in error.

No appearance for defendants in error.

SNYDER, JUDGE :

Action of trespass on the case brought in June, 1882, in the Circuit Court of Logan county by Thomas White and Chapman Williamson, plaintiffs, against Alexander Romans, defendant, to recover damages for alleged breaches of a written contract. The declaration contains three counts.

The substance of the first count is, that the plaintiffs and defendant, on August 26th, 1881, entered into a contract in writing by which the defendant sold to the plaintiffs all the Isom Romans land on Elk, Millstone and Pigeon creeks in said county and six yoke of cattle with their saw-log rigging, at the price of $3,200.00 to be paid in timber cut and hauled from said land and delivered to the defendant, well rafted and oared, at the mouth of Pigeon creek, on or before June 1st, 1882, at ten cents per cubit foot; that by said contract the defendant was to furnish to plaintiffs all the necessary means to carry on and complete said job; that long before said first day of June, 1882, to wit, on and after March 1st,

1882, the defendant, although often requested so to do, failed to furnish the necessary means, to wit. money, hands, provisions, feed, &c., to enable the plaintiffs to perform said contract; that the plaintiffs did perform said contract on their part until the defendant refused to furnish hands, provisions, feed, &c., to complete the same, and the want of water to run timber to the place of delivery, and that the plaintiffs did, before June 1st, 1882, deliver to the defendant at the mouth of Pigeon creek, under said contract, timber of the value of $1,500.00. Yet the defendant, well knowing the premises, has not kept and performed said contract but has broken the same, and to keep the same has wholly refused and neglected to the damages of the plaintiffs $2,-500.00.

The second count is in effect the same as the first, except that it further avers that the defendant delivered to the plaintiffs the possession of said land and cattle, he retaining the legal title thereto until the contract should be performed by the plaintiffs; that under the contract the plaintiffs delivered in Pigeon creek and its tributaries a large amount of timber, to wit, of the value of $3,500.00, and that three months before June 1st, 1882, the defendant forcibly took from the plaintiffs the said six yoke of cattle and their rigging, whereby the plaintiffs were prevented from fulfilling said contract on their part.

The third count purports to set out the contract in *hæc verba* as follows: "August 26th, 1881.—Article of agreement made between A. L. Romans of the first part and Thomas White and Chap. Williamson of the second part: A. L. Romans sells to the parties of the second part the Isom Romans tract of land and six yoke of cattle and the peeled timber on it for the sum of $3,200.00 in timber, the same timber that is peeled on said land, at the mouth of Pigeon creek, well rafted and oared, at ten cents per cubic foot, for which they bind themselves to cut and haul the aforesaid timber this year and deliver it against June 1st, 1882, if possible; and the first party binds himself to furnish the necessary means to run said job in, for which the second party binds the land and timber, all of it, and the cattle and rigging and possession of land and property till paid for, for

which the second party is to use all energy to put said timber out this season, providing there is water." This count then avers in general terms, that the plaintiffs fully complied with and performed their part the stipulations of said contract; but that the defendant, although often requested, has not kept said contract but has broken the same to the damage of the plaintiffs $2,500.00.

The defendant demurred generally to the declaration and the court overruled the demurrer. The case was tried by jury on the issue of not guilty and there was a verdict and judgment against the defendant for $800.00. The defendant moved for a new trial which the court refused. He then excepted and at his instance all the evidence was certified and made part of the record.

Our first enquiry is, did the court err in overruling the demurrer to the declaration? The contract set out in the third count is very badly drawn and not very clear and definite in its purposes. It seems, however, to be intended as a sale of the land and cattle to the plaintiff in consideration of $3,200, to be paid in timber at ten cents per cubic foot, and delivered to the defendant at the mouth of Pigeon creek by June 1, 1882, if possible; the defendant to furnish the necessary means to enable the plaintiffs to perform the contract for which he is to retain the title to the land and cattle as security. What means the defendant was to furnish is not specified; nor is it clear to what extent the land and cattle were to stand as security, whether for the $3,200 purchase-money of the land only, or for that and also the re-payment of the means advanced by the defendant to enable the plaintiffs to fulfil the contract.

In the first and second counts, it is averred, that the means to be furnished by the defendant was to be "money, hands, provisions, feed, &c." If by this it is meant that the defendant was to furnish all or enough money, hands, provisions, feed, &c., to run the job or complete the contract, then the plaintiffs were bound to do nothing but superintend the work. But I presume the correct interpretation of the contract and intention of the parties was, that the defendant was only to furnish such means as might be deemed necessary to enable the plaintiffs, with the means under their

control and to be furnished by them, to deliver the timber as required by the contract; that is, the defendant was to aid the plaintiffs with means, so far as might be necessary, to enable them to complete the contract within the time specified. If this be so, then the measure of damages for the failure of the defendant to furnish such means would be simply the value or cost of the means, whatever it might be, which the defendant refused to furnish. Such refusal by the defendant would not excuse the delivery of the timber by the plaintiffs, but would only authorize them to buy and furnish such means at the cost of the defendant and recover such cost, or the amount expended by them for the same, from the defendant. This would constitute the damages sustained by the plaintiffs. In neither of the counts in the declaration is there any averment upon which any such damages could be recovered.

It is uncertain from the counts of the declaration taken singly or together, what the plaintiffs are claiming as damages, or in what they consist or of what breaches they complain. In the first and second counts the claim seems to rest upon two separate and distinct grounds: First, the failure of the defendant to furnish the necessary means to enable the plaintiffs to fulfil their part of the contract, and second the value of the timber delivered by the plaintiffs before the defendant refused to furnish the necessary means. These grounds are not only inconsistent, but they fail to state any cause of action. The refusal of the defendant to furnish the means did not, so far as the averments show, render it impossible for the plaintiffs to perform the contract; and, therefore, as above stated, it was their duty to furnish the means at the cost of the defendant and complete the contract notwithstanding such failure on the part of the defendant. Nor could the plaintiffs recover the price of the timber delivered by them, because by the terms of the contract the consideration agreed upon for the timber was the land and cattle, and there is no averment that they had been deprived of the land or that it was of less value than the timber so delivered.

It is an elementary and fundamental rule in pleading, that the declaration must allege all the circumstances necessary

for the support of the action, and contain a full, regular, and methodical statement of the injury, which the plaintiff has sustained, and the time and place, and other facts and circumstances, with such precision, certainty and clearness, that the defendant, thus informed of what he is called upon to answer, may be able to respond by a direct and unequivocal plea with evidence to support it, and that the jury may be enabled to give a complete verdict upon the issue; and that the court, consistently with the rules of law, may give a certain and distinct judgment upon the premises. (Cowp. 682; 1 Saund. Pl. and Ev. 415, 509.)

Besides this, the pleading must not state two or more facts, either of which would of itself, independently of the other, constitute a sufficient ground of action or defense. (1 Chit. Pl., 249.)

According to these elementary rules of pleading the declaration before us and each count thereof is fatally defective and insufficient. Neither of the counts inform the defendant of the breach on which the plaintiffs found their action nor of the facts and circumstance which entitle them to damages. There is no averment of any request or demand upon the defendant to furnish the necessary means to enable the plaintiffs to complete the contract. So even if the failure of the defendant to furnish such means could excuse the full performance of the contract on the part of the plaintiffs it could not do so until a demand had been made upon and refused by the defendant. The plaintiffs were, according to the theory of the declaration, to be the judges of what means they required to enable them to complete the work, and it was, therefore, essential that they should demand them of the defendant. The general averment, that the defendant, although often requested, &c., is not sufficient in such cases. The averment of a demand must be made direct and positive and proved on the trial. (1 Chit. 340; *Greenwood* v. *Curtis*, 6 Mass. 634.)

In the second count it is alleged, that the defendant forcibly took from the plaintiffs the said six yoke of cattle; but it is not alleged that this constituted the breach of which the plaintiffs complain. This averment is introduced merely as an excuse or reason to show why the plaintiffs did not de-

liver the timber as they were required to by the contract, and not as a specific breach of the contract, enabling the plaintiffs to recover damages. None of the counts show that the plaintiffs had been by the defendant ejected from or deprived of the land which was the principal, if not the sole consideration of the contract. They certainly cannot retain the consideration which they were to receive for the full performance of the contract and then recover from the defendant damages for their failure to complete the contract on the ground that he refused to furnish them the means to complete it. This would be in effect, taking the land from the defendant without consideration and compelling him to pay damages to the plaintiffs, because he did not furnish them the means to enable them to pay him the agreed consideration for the land. But it is needless to pursue this discussion further. The declaration is so ambiguous, uncertain and inconsistent that it is impossible to ascertain from its averments what was the contract between the parties, what damages they have sustained or of what breaches they complain. Each of the counts states the contract differently and none of them state any cause of action. The court, therefore, erred in overruling the demurrer to the declaration.

The conclusion thus reached makes it unnecessary to consider any of the other questions in the case. The judgment of the Circuit Court must be reversed, the verdict of the jury set aside, the demurrer to the declaration sustained and the case remanded to said court, where the plaintiffs, if they so elect, will be given leave to amend their declaration, otherwise the action will be dismissed.

Reversed. Remanded.