# CHARLESTOWN.

NEWLON v. REITZ *et al.*

*(GREEN, JUDGE, absent.)

Submitted June 8, 1888.—Decided September 15, 1888.

1. DECLARATION—COMMON-LAW—PLEADING—WASTE—TRESPASS.

    A count in a declaration for trespass on real estate which alleges, that "the defendants cut and removed all the timber from the land, including oak, poplar, pine, walnut, etc., of the value of $3,000.00," without specifying the number and value of each kind of trees, is sufficient.

2. DECLARATION—RIGHT OF ACTION—WASTE—TRESPASS—JUDICIAL SALE—RIGHTS OF PURCHASER.

    Where a count alleges, that before a judicial sale and before its confirmation a party cut and destroyed timber on the land purchased, the purchaser so alleging such matter shows no right of action.

3. DECLARATION—DEMURRER—COMMON-LAW—PLEADING.

    Where there is a count in a declaration which contains matter, which will sustain the action, and also matter, upon which no recovery can be had, and there is a demurrer to the whole count, the demurrer must be overruled ; but if the good and bad in the count are divisible, there should be a demurrer to such part of the count, as sets up matter upon which there could be no legal recovery.

*R. S. Blair* for plaintiff in error.

*T. E. Davis* for defendants in error.

*On account of illness.

JOHNSON, PRESIDENT:

This is an action of trespass on the case brought in 1887 in the Circuit Court of Ritchie county by James B. Newlon against Lewis P. Reitz, Frederick W. Reitz, John W. Martin, Thomas G. Martin, George N. Martin, and Thomas E. Davis, to recover for certain timber cut on and taken from the land of the plaintiff.

There are two counts in the declaration. The first alleges in substance that on the — day ——, 1884, plaintiff was the owner in fee and possessed of a certain tract of about 400 acres of land in said county, describing it, and he being so seized and possessed, the said defendants on the — day of ——, 1885 and divers other times from then until the commencement of the action unlawfully, knowingly and wilfully did enter on said land, and wilfully, etc., from time to time and from day to day, did cut down, destroy, saw, remove, and carry away all the valuable timber of every kind and description, including oak, poplar, pine, walnut, etc., growing on said land, and which was of the value of at least $3,000.00, and did also erect a saw-mill and long tram-road upon, over, and through said land; etc., to the plaintiff's damage $5,000.00.

The second count alleges in substance that one Granville E. Jarvis was the owner in fee of said tract of land, and was largely in debt; and a suit in behalf of creditors was brought to subject said land to the payment of his debts, and a decree was entered in said suit on the 18th day of December to sell said land, and said land was, under said decree, on the 20th day of March, 1884, sold, and the defendant, Thomas E. Davis, became the purchaser at the price of $2,025.00, and the plaintiff, being a large creditor of said Jarvis, and believing said land very valuable on account of the timber thereon, offered an upset bid of $3,025.00, and resisted the confirmation of the sale to Davis; that said bid was accepted by the court, and the land ordered resold by the court, and the commissioner again offered said tract for sale on the 20th of January, 1886, when it was sold to the plaintiff at his bid of $3,025 00; that said last sale was confirmed to the plaintiff on the 16th day of March, 1886, and a deed was ordered to be made to plaintiff, which was afterwards executed; that Davis appealed

from said decree of confirmation, which was, on the 13th day of November, 1886, affirmed by the Supreme Court of Appeals ; that plaintiff purchased said land, believing it to be in the same condition it was in at the time he first resisted the confirmation of the sale to Davis. The declaration further alleges that after plaintiff's upset bid had been made, and during the protracted litigation carried on by said Davis for the purpose, as plaintiff alleges, of distracting attention from the matters thereinafter alleged, the defendant on the — day of ——, 1884, and at various times and continuously from day to day thereafter until the bringing of this action, without the knowledge or consent of the plaintiff or of the said Jarvis, unlawfully, knowingly, wilfully, and maliciously, with intent to defraud the said plaintiff, entered in and upon said land, which was in a remote and unfrequented part of Ritchie county and in a wild state, and of little value except for the timber growing thereon, and did then and there so unlawfully, knowingly, willfully, and maliciously, with intent aforesaid, waste and despoil the said land by cutting down and sawing into logs, lumber, and cross-ties, and removing, carrying away, and selling all the valuable timber, consisting of oak, pine, poplar, etc., growing on said land, etc., to the damage of plaintiff, $5,000.00, etc.

The defendants demurred to the declaration, and to each count thereof, and court sustained the demurrer; and, the plaintiff declining to amend the declaration, the action was dismissed at the plaintiff's costs. To this judgment the plaintiff obtained a writ of error.

It is here objected to the first count that it does not give the number of the different kinds of trees, and the value of each kind, and it is insisted that according to *White* v. *Romans*, 29 W. Va. 571, 3 S. E. Rep. 14, the declaration is bad. There is no principle announced in that case which would require a declaration to state the number of the different kind of trees cut and removed by the trespasser. Even in a felony case it has many times been held a sufficient description in an indictment for stealing money to charge the defendant with stealing " national bank currency and United States treasury notes of the amount and value of $——.'' *State* v. *Jackson*, 26 W. Va. 250, and cases cited. It cer-

tainly can not be necessary to plead more particularly in a civil than in a criminal case. In the first count in the declaration the defendants are given notice that they are by the plaintiff charged with "cutting down and removing from the land all the valuable timber of every kind and description growing on said land, including oak, poplar, pine, etc.' This is clearly sufficient, and the demurrer to this count should have been overruled.

As to the second count, we think it shows no cause of action. Before the sale was made to the plaintiff, Newlon, the property was sold for the benefit of the creditors of Jarvis. It was purchased by Newlon, one of those creditors. He did not object to the confirmation of the sale to him on the ground that between the sale and confirmation the land had been despoiled of its timber. He asked for the confirmation which related back and gave him title at the time of his purchase. *Evans* v. *Spurgin*, 6 Gratt. 107; *Kable* v. *Mitchell*, 9 W. Va. 514. But the declaration alleges that timber was by the defendants cut and removed from the land after the sale to plaintiff. For this he had a right of action. Where there is a count in a declaration which contains matter which will sustain the action, and also matter upon which no recovery can be had, and there is a demurrer to the whole count, the demurrer must be overruled; but if the good and bad in the count are divisible, there should be a demurrer to such part of the count as sets up matter upon which there can be no legal recovery. Therefore, the demurrer to the second count should have been overruled. *Robrecht* v. *Marling*, 29 W. Va. 765, 2 S. E. Rep. 827.

From what we have said, the demurrer to the declaration and to each count should have been overruled. The judgment must therefore be reversed, with costs to the plaintiff in error, and the case remanded for the pleadings to be made up and for a trial to be had.'

REVERSED.    REMANDED.