## CHARLESTON.

RENNIX *v.* HARDMAN *et als.*

Submitted September 12, 1911.    Decided June 17, 1913.

JOINT ADVENTURES—*Contract—Inconsistent Rights—Election.*

An election once made between inconsistent alternative clauses of a contract, by one party thereto, with full knowledge of the facts essential to a reasonable exercise thereof, becomes final and irrevocable when communicated by him to the other, and can not be subsequently withdrawn without the consent of both contracting parties.

Appeal from Circuit Court, Randolph County.

Suit by Howard Rennix against Shannon Hardman and others. Judgment for plaintiff, and defendant N. G. Keim appeals.

*Affirmed.*

*W. B. & E. L. Maxwell, for apellant.*

*Claude W. Maxwell* and *Samuel T. Spears,* for appellee.

LYNCH, JUDGE:

In a suit to enforce judgment liens against lands of Hardman, the chief contention is between him and his co-defendant Keim.

It relates to certain interests in real estate, the title to which was conveyed to both of them jointly, pursuant to an agreement dated September 22, 1906. They thereby agreed to form a partnership for the purpose of exploiting certain lands in which Hardman claimed he had discovered valuable mineral deposits. Keim was to furnish, and subsequently he did furnish, the funds necessary to purchase the lands and test them to determine the existence, quality and quantity of the minerals therein.

The fourth and fifth clauses of the contract, in substance, provide that if upon investigation Keim became satisfied with the quantity and value of the minerals, if any, within the lands so designated by Hardman, the title thereto should thereafter be owned by them jointly and equally; but that if, after such investigation, Keim became dissatisfied therewith, Hardman agreed, upon demand, to execute to him his notes for one half of the purchase money, payable within three years with interest, secured by a lien on Hardman's moiety, or, should he so elect, Hardman agreed, on demand to execute to Keim his notes for all the purchase money, payable within the same period with like interest, and secured by a lien on all the lands, in which event Keim was to convey to Hardman his moiety therein.

Immediately after the date of the contract, and pursuant to its terms, Keim and Hardman acquired title to the lands. Some of the deeds therefor bear date as early as October 1, 1906; none later than December 12th of the same year. With equal promptness, they employed assayers, by them deemed competent, to examine and test the ores and report their character and commercial value. These reports, nineteen in number, bearing date in October, November and December, 1906, and January, 1907, indicate values varying from a few cents to $252 per ton. While somewhat meager, the evidence is sufficient to warrant the finding, as, it must be assumed, the circuit court did find, because in issue, that Keim became satisfied in December, 1906, with his investigations and the findings of the assayers, and so informed Hardman, as he and other witnesses not interested testify. In fact, according to these witnesses, he expressed a willingness at that time to purchase additional lands upon the same conditions. Keim, as a witness on his own behalf, not only does not deny these affirmative statements, but tacitly and in effect admits the same; for, when asked if he had so expressed himself to Hardman, he

replied: "No, sir; not (as) fully satisfied." It is true that in January, 1908, but not earlier, he did inform Hardman, by a formal notice served January 9th, of his dissatisfaction, and thereby demanded the latter to elect between the alternative provisions of the fifth clause of the contract, and promised compliance therewith on his part, as therein also provided.

But, having once chosen between two inconsistent provisional terms, his choice became irrevocable, and therefore final. The rule applicable to election between legal remedies is, by analogy, likewise applicable, where by the terms of a contract a similar choice may be made between inconsistent provisions therein. "Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both." *Allison* v. *Allison,* 99 Va. 472. And, when once made, with full knowledge of the facts essential to an intelligent choice, the exercise thereof "is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to the assertion of a right or maintenance of a claim in conflict with that first selected." 15 Cyc, 262, 264; 35 *Id.* 289, 290; *Sangster* v. *Com.,* 17 Grat. 124; *Hite* v. *Long,* 6 Rand. 487, 18 Am. Dec. 719. Where an insurance company, which under the policy might in case of loss elect either to pay the full value or reinstate the premises, elected the latter, it became bound thereby and required to perform the contract according to its election, or pay damages for failure to do so, although performance may have become inconvenient, even impossible or more expensive than it had anticipated. *Queen* v. *Governors,* 120 Eng. Rep (Reprint) 1133; 9 Cyc. 648. The same rule is applied to the variant facts of the following cases: *Plummer* v. *Keaton,* 17 Tenn. 27; *Latham* v. *Bausman,* 39 Minn. 57; *Penn* v. *Guggenheimer,* 76 Va. 839, 850; *Baker* v. *Todd,* 6 Tex. 273, 55 Am. Dec. 775. Hence, the conclusion that, having in December, 1906, assured Hardman of his satisfaction, Keim can not be permitted in 1908 to change his attitude towards the property to the prejudice of Hardman and his creditors.

It is, therefore, immaterial whether the judgments of which Keim complains were or were not docketed. He is not in any sense prejudiced thereby. Judgments of justices, unless barred by limitations, are liens against the real estate of the judgment

debtor, even though not docketed. *Nuzum* v. *Herron*, 52 W. Va. 499. The manifest purpose of § 6, ch. 139, Code 1906 and Supplement 1909, as appears from its express terms is to protect purchasers for value without notice from the lien of such judgments, unless docketed. But for his election, this provision of the statute may have enured to Keim's benefit; for, while not a purchaser within the strict meaning of the term, he may otherwise have come within the spirit and purpose of the act. If so, he could then, with more force, have invoked the relief which, under the circumstances, must now be denied him. His expressed satisfaction with the existence, quantity, quality and commercial value of the minerals in the lands purchased, made absolute Hardman's title to a moiety therein, to which the liens of the judgments at once attached.

The circuit court therefore did not err in its rulings upon Keim's exceptions to the report of the commissioner to whom the cause was referred to ascertain and report the liens against Hardman's real estate.

Finding no error in the rulings of the circuit court, its decree is affirmed.

*Affirmed.*