# CHARLESTON.

Hardman v. Brown *et al.*

Submitted January 18, 1916.　Decided January 25, 1916.

1. Waste—*Pleading—Variance—Title of Plaintiff.*

    The declaration alleges fee simple title in plaintiff. Besides the deeds granting to plaintiff and those under whom defendants claim title, plaintiff introduced in evidence a decree against his co-tenants adjudicating his right and title to the land, pronounced before defendants acquired their deed, and also the deed of the special commissioner appointed to convey to him the interests so decreed him, made pursuant to such decree, and before suit. There was no variance between allegata and probata. (p. 480).

2. Judicial Sales—*Deed of Special Commissioner—Rights of Grantee.*

    When the deed of a special commissioner, made pursuant to a

decree confirming a sale or investing right and title in the grantee, is executed and delivered to the grantee the deed relates back to the date of the sale or decree so adjudicating or investing title, and entitles the grantee to everything he would have been entitled to if the sale or decree and deed had been made contemporaneously. (p. 481).

3. SAME—*Right of Purchaser—Grantee in Commissioner's Deed—Waste.*

An action on the case may be maintained by the grantee in such deed for waste committed by a co-tenant on such land between the date of such decree and the date of the deed conveying the land to him. (p. 482).

4. TENANCY IN COMMON—*Waste—Right of Action—Conveyance of Co-tenant to Stranger.*

While the deed of a co-tenant to a stranger, purporting to convey the whole estate, and possession taken by the grantee thereunder, will for some purposes work an ouster of the other co-tenant, such deed will not within the period of the statute of limitations destroy the relationship of co-tenancy, nor within that time affect the remedies of the ousted co-tenant, to recover possession of the land, or damages for waste committed thereon. (p. 482).

5. LOGS AND LOGGING—*Deed to Standing Timber—Construction and Effect.*

A deed in due form for standing timber and containing words of grant and conveyance, with covenants of general warranty, does not constitute the grantee a mere licensee of the grantor, but invests in him legal title with right irrevocable to take the timber, unless otherwise limited by express provision of the deed. (p. 484).

6. SAME—*Waste—Triple Damages—Liability of Co-tenant—Standing Timber.*

When a co-tenant has wantonly committed waste on land, by cutting and removing the standing timber thereon, and the jury so finds, he' is liable to his co-tenant by virtue of section 4, chapter 92, of the Code, in triple damages therefor. (p. 485).

7. SAME—*Waste—"Wanton" Commission of Waste—What Constitutes—Cutting and Removal of Standing Timber—Co-tenancy.*

A co-tenant is guilty of committing waste wantonly when with knowledge of his co-tenant's rights, and in total disregard thereof, and with the design and purpose of ignoring those rights, he purposely and with intent to appropriate the same to his own use, cuts and removes from the land the standing timber thereon. (p. 485).

Error to Circuit Court, Randolph County.

Action by S. A. Hardman against M. M. Brown and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*C. W. Maxwell* and *W. B. & E. L. Maxwell,* for plaintiffs in error.

*W. E. Baker* and *R. S. Irons,* for defendant in error.

Miller, Judge:

In an action on the case plaintiff obtained a verdict for two thousand nine hundred and fifty two dollars and sixty cents, the actual value of his share of the timber cut and taken from two tracts of land known as the Chaffey tracts and another tract known as the Maxwell tract, his interest in the former being a one fourth undivided interest, and in the latter a one half undivided interest; and in addition the jury by their verdict, in response to special interrogatories submitted, found as alleged in the declaration, that at the time defendants cut and removed the timber from said tracts they knew of plaintiff's interest in and claim of title to said tracts, and with such knowledge did wantonly cut and remove the timber therefrom. And upon this verdict the judgment complained of was that the plaintiff recover of the defendants the sum of eight thousand eight hundred and fifty seven dollars and eighty cents, that sum being three times the amount of the damages assessed by the jury, as provided by section 4, of chapter 92, serial section 4125, Code 1913.

The propositions of law relied on to reverse the judgment and in support of the several points of error assigned and covered by defendants' motion to exclude plaintiff's evidence, exceptions pertaining to instructions to the jury given and refused, and their motions in arrest of judgment and for a new trial, overruled, are as follows: First, that there was a variance between the allegations of fee simple title in plaintiff and the proof thereon; second, that defendants were not tenants in common or joint tenants with plaintiff in said tracts or the timber thereon, but mere licensees of the Elkins Pail & Lumber Company, from which company they immediately obtained their right and title to said timber, and, third, that upon the evidence defendants were not guilty of wantonly committing waste on said lands, nor liable to be mulcted in triple damages therefor.

The first proposition is based on the evidence that though the decree adjudicating plaintiff's right to said lands was

pronounced on August 17, 1910, in the chancery cause of
*Rennix* v. *Hardman,* and others, affirmed by this court June
17, 1913, 72 W. Va. 580, the deed of the special commissioner,
appointed by said decree to execute a deed to him for his
interests therein, dated June 23, 1914, was not in fact executed
and delivered until about that date, wherefore, the timber
having been cut and taken from the land between the dates
of the decree and deed, plaintiff was not during that time
seized in fee simple estate therein as alleged, but of an
equitable title only, and not entitled to recover in an action
on the case damages for the alleged wrong.

The proof, as to the Maxwell tract, is that the deed from
him, dated November 24, 1906, invested the legal title thereto
in both Keim and Hardman, jointly, subject only to the right
reserved to the grantor Maxwell to take off the timber re-
served over twelve inches in diameter within six years from
the date of his deed, but if not cut and removed within that
time, the same to become the property of said grantees, no
part of which the evidence shows was in fact cut or removed
within the time prescribed. As to the other tracts, the Chaffey
tracts, the record shows, that until the decree adjudicating
plaintiff's rights, the legal title was held in trust, by a trustee,
for the benefit of Keim, Hardman and Chaffey.

Did this evidence show a fatal variance? We think not.
It may be questionable whether the decree, affirmed here, in
*Rennix* v. *Hardman,* did not condemn the title or adverse
claim of Keim and defendants claiming under him, and
*proprio vigore,* without the deed of the commissioner, vest
legal title in Hardman to his interest in all the tracts, this by
virtue of section 1, chapter 139, serial section 5093, section 1,
chapter 129, serial section 4846, and section 4, chapter 132,
serial section 4938, Code 1913, for now under these statutes,
and the practice which has grown up under them, and not as
at common law, decrees in equity are made to operate in rem
as well as in personam. 5 Am. & Eng. Ency. Law, (1st ed.)
380; 1 Pomeroy Eq. Juris. (2nd ed.) section 428; 3 *Id.* section
1317; 1 Barton's Ch. Pract., sections 252, 237; *Shotwell* v.
*Lawson,* (Miss.) 64 Am. Dec. 145.

But whatever may be the effect of the decree in passing
legal title, it is well settled that when a decree is confirmed

and deed made by a commissioner pursuant thereto the deed relates back to the date of the sale or decree, and entitles the grantee to everything he would have been entitled to if the confirmation and conveyance of title had been contemporaneous with the sale. This proposition is well fortified by decisions in Virginia and in this state. *Taylor* v. *Cooper,* 10 Leigh 317; *Evans* v. *Spurgin,* 6 Grat. 107; *Kable* v. *Mitchell,* 9 W. Va. 492, 514; *Hyman, Moses & Co.* v. *Smith,* 13 W. Va. 744, 746; *Childs* v. *Hurd,* 25 W. Va. 530, 535; *Newlon* v. *Reitz,* 31 W. Va. 483; *Cale* v. *Shaw,* 33 W. Va. 299, 305; *Thompson* v. *Cox,* 42 W. Va. 569.

It is entirely unnecessary to here enter upon an extended review of these cases but we may with propriety advert particularly to the case of *Taylor* v. *Cooper, supra,* where it was held that the equitable action of assumpsit at least would lie by a purchaser under a judicial decree against a former owner for rents and profits accrued between the date of the decree and the date and delivery of the deed; and the court held in *Newlon* v. *Reitz, supra,* that an action on the case would lie for waste committed under similar circumstances.

Wherefore, we are of opinion that there is no merit in the first proposition and that it should be disaffirmed.

On the second proposition, the evidence shows that defendants were the immediate grantees of the Elkins Pail and Lumber Company, by deed of May 17, 1911, containing covenants of general warranty, and which is subsequent in date to the decree aforesaid of August 17, 1910, in favor of plaintiff, affirmed here June 17, 1913, and which deed ignores all rights of plaintiff shown by the recorded deeds and contracts pertaining thereto, and the decree aforesaid in his favor. And the evidence fully justifies the conclusion, involved in the verdict and judgment, that pending the appeal in this court, and subsequently and until shortly before he brought this suit on September 7, 1914, after he had obtained his deed from Spears, special commissioner, on June 23, 1914, plaintiff was ignorant of the waste committed by defendants.

The contention on behalf of defendants is that the deeds from Keim and Chaffey, thus ignoring plaintiff's rights and title to the timber, in their several deeds to the Elkins Pail and Lumber Company, and likewise ignored in the latter's

deed to defendants, accompanied by their possession thereunder, worked an ouster of plaintiff, and that defendants did not thereby become co-tenants with Hardman and liable to him as such for waste as alleged. While the deed from Chaffey purports to convey the whole title, his warranty is limited to his own half interest in the land.

The cases cited and relied on by defendants for the proposition stated are *Pickens* v. *Stout*, 67 W. Va. 422, syl. points 5 and 6; *Bennett* v. *Pierce*, 50 W. Va. 604; *Cecil* v. *Clark*, 44 W. Va. 698; *Talbott* v. *Woodford*, 48 W. Va. 449; *McNeeley* v. *South Penn Oil Co.*, 52 W. Va. 616, and *Justice* v. *Lawson*, 46 W. Va. 163.

Undoubtedly, as these cases hold, a deed by one co-tenant to a stranger, accompanied by possession of the grantee, if so intended, and with actual notice to the other co-tenant, will work an ouster of the latter, but the co-tenancy is not thereby destroyed. Such ouster does not necessarily mean physical eviction, but a possession attended with such circumstances as to evince a claim of exclusive right and title, and a denial of the right of the other tenant to participate in the profits. Such ouster simply marks the time when the statute of limitations will begin to run, and, when perfected by actual notice to the other co-tenant, puts him upon notice to seek his legal remedy in order to gain possession before the statute of limitations bars him. Black's Law Dictionary, 862; 3 Bouvier's Law Dictionary, (Rawle's Third Revision) 2432. As is said by Judge BRANNON, quoting from Judge HOLT, in *Cecil* v. *Clark*, 44 W. Va. 659, 665: "Has any one ever heard of a court of equity coming to a dead halt in proceeding to set aside a deed obtained by breach of trust in fraud and crime towards plaintiff, and made to a *particeps criminis*, as soon as it is ascertained that such conveyance had resulted in plaintiff's disseisin; *or that plaintiff is therefore no longer co-tenant, because disseised,* and therefore not within the letter or spirit of the act? Can not a court of equity set aside the deed, and restore his seisin, and remit him to his rightful title?" We emphasize the fact that such ouster to be effective must be accompanied with actual notice to the co-tenant. *Reed* v. *Bachman*, 61 W. Va. 452; *Sommers* v. *Bennett*, 68 W. Va. 157. And it is well settled that such ouster can in no way

affect or impair the remedies of the ousted co-tenant, given by statute or otherwise, for as said in *Cecil* v. *Clark, supra:* "If he has right of entry,—that is, right to possession,—that is enough. The act of his brother in ousting him himself, or by conveying to another, does not control his remedy," citing cases. Freeman on Cotenancy and Partition, (2nd ed.) sections 196 and 205; 1 Lomax Digest, (2nd ed.) 644, 645.

In the case at bar defendants were pendente lite purchasers, and took only such rights as their grantors could convey them. The decree in favor of plaintiff, affirmed here, adjudicated his rights. With actual notice of those rights defendants took deeds, which were intended to ignore plaintiff's rights, and with deliberation and wantonly to deprive him thereof.

Having taken title by absolute deed purporting to convey the timber, how can defendants say they were mere licensees of the Elkins Pail & Lumber Company? Standing timber is land. Their deed purports to convey them that which would make them co-tenants pro tanto with plaintiff in this standing timber. The deed granting them the timber amounted to more than a mere license. It purported to give them absolute right and title to the timber, and contained no words of revocation.

It is urged in support of the second proposition that the deed from Maxwell reserved the timber. But it provided that if not cut and removed within six years it should become the property of the grantees. No part of it was taken within that period, wherefore the title thereto remained in or passed to the grantees. True, Keims, one of those grantees, and a co-tenant, by his individual deed to Maxwell, March 9, 1910, and within the time limited by Maxwell's deed to him and Hardman, undertook to extend the time prescribed for removing said timber not to exceed five years. But Keims had already been sued by Hardman; besides how could he by his individual deed affect the rights of Hardman? He could not thereby waive Hardman's rights nor divest him of those rights. The right and title to the timber reserved in Maxwell's deed was not absolute but conditional on its removal within the period prescribed. That which remained unsevered after the expiration of the time for removal was the property of his grantees, and neither could be divested of title thereto by the deed of

the other made prior or subsequent to that time. *Adkins* v. *Huff*, 58 W. Va. 645; *Keystone Co.* v. *Brooks*, 65 W. Va. 512, 516, 517.

The conveyance of a co-tenant can give the grantee no greater rights than his grantor has. Freeman on Cotenancy and Partition, section 205. What Maxwell got by Keim's deed and what he must be considered as having conveyed to the Elkins Pail and Lumber Company, and what defendants got by the latter's deed to them, was the interest only of Keims in said timber, for Keims could not divest plaintiff of his interest. 8 Ency. Dig. Va. & W. Va. Rep. 100, and cases digested. Some of these cases hold that the grantee in such a deed becomes the co-tenant of the other owner.

But were defendants liable for triple damages, provided in said section 4, of chapter 92, of the Code, negatived by the third proposition under consideration? It is contended that the question submitted, whether defendants were guilty of wantonly committing waste, was improperly submitted to the jury by special interrogatories. If the evidence justified the submission of that question to the jury, it was properly so submitted. As under the statute the jury must find the fact, how else could that question be answered by them?

What is to wantonly commit waste? To do a thing wantonly, is to do it intentionally, with design, without excuse and under circumstances evincing a reckless disregard of the lawful rights of others. 8 Words & Phrases, first series, 7385; 4 *Id.* second series, 1236. The transaction between Keims and Maxwell, and between the latter and the Elkins Pail and Lumber Company, and between it and defendants all show without excuse a design and purpose to ignore Hardman, with knowledge of his rights as co-tenant, and to take the timber or the proceeds thereof and appropriate the same to their own use. If one co-tenant may be guilty of wanton waste as against another co-tenant, and be liable for triple damages under the statute, sections 2 and 4, chapter 92, Code 1913, it is difficult to imagine a stronger case for the application thereof than is presented here. Section 2 makes one tenant in common liable to the other for waste, and section 4 makes the one liable to the other for triple damages if the jury shall find that such waste was committed wantonly. Our statute is

broader than the English statutes of Marlebridge and Gloucester though under the latter statute the place wasted was forfeited. In lieu of the English statute, as in Virginia since 1850, our statute gives single damages except where the waste is committed wantonly. 1 Minor Real Prop., sections 438-440, inclusive. True, as our cases hold, in the absence of fraud and under the belief of good title in himself to the whole estate, only *actual* damages can be recovered, this by virtue of section 2 of the statute; but if done wantonly, section 4 as clearly gives right to triple damages against an offending co-tenant. Otherwise the latter section as applied to co-tenants, joint tenants and co-parceners would be given no force or effect.

Did defendants believe or have reason to believe they had good title to the whole of the timber? Were they bona fide purchasers without notice, and ignorant of plaintiff's rights? We do not understand that they make any such claim. To be bona fide purchasers with rights as such they must not only have believed their own title good, but have been ignorant of plaintiff's claim of title. With notice thereof or of facts putting them upon inquiry they can not put themselves within the pale of bona fide purchasers in possession of the land. *Bodkin* v. *Arnold*, 48 W. Va. 108, and cases cited. The cases of *Williamson* v. *Jones*, 43 W. Va. 562, *McDodrill* v. *Lumber Co.*, 40 W. Va. 564, and *McNeely* v. *South Penn Oil Co.*, 58 W. Va. 438, relied on by defendants, involved no question of bad faith, or of wanton waste, presented here, and cannot be regarded as opposed to the views herein expressed. Of course where this question is not presented section 2 of the statute, and the rule of the cases cited are applicable.

These conclusions resulted of course in an affirmance of the judgment.

*Affirmed.*