KANAWHA BANKING & TRUST COMPANY *et al.*
v. A. J. WILLIAMS *et al.*

(CC 564)

Submitted February 9, 1937. Decided February 23, 1937.

*Price, Smith & Spilman, Hawthorne D. Battle* and *Robert S. Spilman, Jr.,* for plaintiffs.

*Morton & Wooddell, G. G. Duff, A. L. Craig, A. N. Breckinridge* and *John L. Detch,* for defendants.

HATCHER, JUDGE:

This suit involves a covenant requiring the purchaser of timber to cut and remove it within a certain time, or thereafter to pay an annual charge on uncut acreage until the timber reverted. The circuit court sustained demurrers to the bill and certified here its sufficiency.

The substance of the bill follows. March 21, 1916, the plaintiff, Mountain City Lumber Company, conveyed to defendant, Pardee & Curtin Lumber Company, with general warranty of title, the timber nine inches and more in diameter at the stump, on a tract of approximately 6,000 acres, subject to this provision: "It is agreed and understood that the buyer shall cut and remove the said timber from the said lands within fifteen (15) years from the date of this deed, or pay to the grantor, its successors or assigns, at the rate of Fifty ($0.50) cents per acre per year for such portion thereof as shall not be so cut and removed within said period of fifteen (15) years until the same shall be cut and removed, but all the rights of the buyer to cut and remove the said timber on said lands, or any of them, shall cease at the expira-

tion of twenty (20) years from the date of this deed and all rights and title of the said buyer to said timber shall cease at the expiration of said period of twenty (20) years, and that any timber hereby sold to the said buyer not so cut and removed within said period shall revert to the said grantor, its successors or assigns." The grantee cut and removed a considerable portion of the timber, and about 1925, withdrew its sawmill and equipment from the tract, leaving approximately 2500 acres uncut. In 1930, the grantee assigned to defendants, Craig and Williams, its right to the timber on 187 acres of its purchase. This assignment was not recorded. In September, 1935, defendant, Eakin Lumber Company, claiming under Craig and Williams through mesne unrecorded assignments, began to cut the timber on the 187 acres. In the meantime, the title of the grantor had been acquired by plaintiff, Kanawha Banking & Trust Company, without knowledge of the assignments. The payment required by the deed on timber uncut after fifteen years, was not made or tendered by anyone until October, 1935, when Williams tendered payment for five years, limited to 187 acres. The tender was rejected. The bill prays that the deed of March 21, 1916, and the unrecorded assignments affecting the 187 acres be cancelled.

The deed plainly provided for a reversion of the uncut timber at the expiration of twenty years, and just as plainly conferred on the grantee an absolute title to the timber during that period. The deed does provide that as the timber should be removed, the rights of the grantee in the severed territory would cease except as to ways; and to hasten severance, the deed binds the grantee to remove the timber in fifteen years, or thereafter to pay annually on the uncut acreage, until the timber reverted. The plaintiff contends that this latter provision is in the nature of an option which had to be exercised at or before the end of the fifteen years, and when not so exercised, the rights of the grantee expired. We find no lines in the provision supporting this contention. The payment on uncut timber is not made optional, is not attached to any timber right and does not confer any additional privilege.

There is no clause accelerating the reversion for non-payment. The provision is a simple covenant to pay annually on uncut timber "until the same be cut and removed". Therefore, this payment is not a charge for or a prerequisite to cutting timber, but is in the nature of a penalty for leaving it uncut.

Counsel have prepared with much diligence an array of cases from other states on timber grants. But are "Abana and Pharpar, rivers of Damascus, better than all the waters of Israel?" Biblical narrative says not. (II Kings, ch. 5). In construing this deed, we need to dip only in the Jordan of our own precedents. This grant "is in legal effect a conveyance of so much of the timber in place as may be removed within the terms of the contract." *Electro Metallurgical Co.* v. *Montgomery*, 70 W. Va. 754, 757, 74 S. E. 994, 996. The provision requiring the timber to be cut within fifteen years "is a covenant, not a time limit, not a condition operating as a forfeiture." *Keystone Lumber Co.* v. *Brooks*, 65 W. Va. 512, 515, 64 S. E. 614, 615. Until the twenty-year period expired, the right of the grantee to take the timber was absolute and irrevocable. *Hardman* v. *Brown*, 77 W. Va. 478, 88 S. E. 1016; *Cunningham* v. *Heltzel*, 87 W. Va. 391, 105 S. E. 155.

The Trust Company charges that the grantee's delay in severing the timber constituted laches. The grantor was not claiming adversely to the grantee, but was biding its time indifferently. It was, in fact, profiting instead of suffering by the delay; since the longer the delay, the greater the penalties therefor and the greater the reversion. The grantee's inaction under such circumstances was not laches. *Keystone Lumber Co.* v. *Brooks*, *supra*, 515, 516.

The Trust Company complains because it had no notice, actual or constructive, of the assignments under which the Eakin Lumber Company claims. Lack of such notice was not prejudicial, as the latter merely stands on the 187 acres in the shoes of the original grantee, of whose rights the Trust Company should have been cognizant.

The ruling of the circuit court is affirmed.

*Affirmed.*