# CHARLESTON.

## H. H. HARPER v. S. P. HARPER et als.

### Submitted May 9, 1922.        Decided May 23, 1922.

1. APPEAL AND ERROR—*Decree Upon Bill of Review Setting Aside Final Decree in a Cause Appealable and Cannot be Reviewed Unless Appealed from Within Time Provided by Law.*

   A decree, entered upon a bill of review, setting aside a final decree entered in a cause is an appealable decree, and unless appealed from within the time provided by law it cannot be reviewed by this Court.        (p. 260).

2. SAME—*Decree Entered Upon Report of Commissioner Based Upon Conflicting Oral Evidence Not Reversible Unless Evidence Clearly Preponderates in Favor of Complaining Party.*

   A decree of a circuit court entered upon the report of a commissioner, based upon conflicting oral evidence, will not be reversed by this Court, unless it appears that the evidence clearly preponderates in favor of the complaining    party. (p. 261).

Appeal from Circuit Court, Raleigh County.

Suit by H. H. Harper against S. P. Harper and others. Relief was denied plaintiff, and he prosecutes this appeal.

*Affirmed.*

*P. H. M. Patterson* and *T. J. McGinnis,* for appellant.
*McGinnis & McGinnis,* for appellees.

RITZ, JUDGE:

This suit was brought to March Rules, 1901, for the purpose of removing as a cloud upon the plaintiff's title a deed made to the defendant Agnes Harper, and to enforce the deed made to the plaintiff as an equitable mortgage, if it should be held to be a mortgage instead of an absolute deed.    The cause proceeded with a deliberation which would have been the envy of Mr. Kenge or Mr. Vholes in their day, until the entry of the decree complained of on the 2nd day of December, 1919, by which the plaintiff was denied any relief, and from which he prosecutes this appeal.

Sometime prior to the year 1874 one Hamilton Harper

received a patent for a tract of 271 acres of land which includes the, land in controversy in this suit.    On the 8th of March, 1874, he conveyed this land to his daughter Eliza Daniel.·    The allegation of the pleadings in regard to this deed is that Hamilton Harper conveyed the land to his daughter to prevent the same from being subjected to sale by his creditors in satisfaction of their debts.    All of the parties agree that this was the fact.    It appears further that notwithstanding this conveyance he remained upon the land and treated it as if he still owned it, and the allegation is that sometime after making the deed above referred to to his daughter, he divided this tract of land into several parcels, one of which, containing 120 acres, he designed for his son, the defendant, S. P. Harper.    It seems that this 271 acres of land lay within a large tract which had been patented to DeWitt Clinton long prior to the grant made to Hamilton Harper, and the owners of this Clinton grant claimed to have superior title to the land.    This claim was compromised by the payment of a sum of money to the owners of the Clinton title, and the title of Harper quieted and relieved from this incumbrance.    In 1896 the defendant S. P. Harper was indebted to the plaintiff H. H. Harper in a sum of money amounting to about $600.00, and on the first of April, 1896, made a deed in which his father, Hamilton Harper, united, conveying to the plaintiff H. H. Harper the tract of 120 acres of land, part of the 271 acres.    The bill alleges that the said S; P. Harper was at that time in fact the equitable owner of the 120 acres, notwithstanding the deed by which Hamilton Harper had conveyed it to his daughter.    Subsequent to the making of this deed Eliza Daniel made a deed conveying the 120-acre tract to Agnes Harper, wife of the defendant S. P. Harper, and this is the deed which is sought to be set aside as a cloud upon the rights of the plaintiff, it being alleged that while Eliza Daniel had the legal title to the said land she had no equitable interest therein, and that both she and her grantee were fully cognizant of the plaintiff's rights, and that the deed was made for the purpose of defeating him thereof.    The defense to

the bill here is that neither S. P. Harper, nor Hamilton Harper, had any title or interest in this land at the time they made the deed to H. H. Harper under which he claims; and further, that even though S. P. Harper did have the full equitable interest in said land at that time, as claimed by the plaintiff, yet the deed made to the plaintiff, while absolute on its face, was in fact a mortgage to secure the payment of the indebtedness of S. P. Harper to H. H. Harper, and the answer exhibited a paper showing this to be the case. The answer further averred that the amount secured by said mortgage had been fully paid, and that the plaintiff had no interest in said land in any event.    The plaintiff conceded that the deed under which he held was simply a mortgage, but he denied that the amount secured thereby had ever been paid, and asked that the same be enforced by a sale of the land in satisfaction thereof.    The cause was referred to a commissioner for the purpose of ascertaining what, if any, amount still remained unpaid upon the debt of S. P. Harper to the plaintiff.    The commissioner reported that the indebtedness had been fully discharged, and that H. H. Harper was indebted to S. P. Harper in a small sum.    To this report exceptions were filed, and the matter was recommitted to the same commissioner for the purpose of taking further evidence and making another report.    Additional evidence was taken, and upon consideration the commissioner again reported that the indebtedness of S. P. Harper to H. H. Harper had been fully discharged. This report was likewise excepted to, and the court sustained certain of the exceptions, modified the report, and found that S. P. Harper was in fact indebted to H. H. Harper in a sum exceeding five hundred dollars, and that the deed was a mortgage to secure this amount, and decreed the land to sale in satisfaction thereof.    This decree was entered on the 8th of March, 1916.    On the 6th of September, 1916, the defendant S. P. Harper and his wife, Agnes Harper, filed a bill of review, in which it was contended that there were certain errors of law in the decree of March of that year, and that the same should be reviewed and reversed

therefor.    Upon the 7th of May, 1917, the plaintiff filed a demurrer and answer to this bill of review, and on the 4th of September, 1918, the court entered a decree sustaining the bill of review, setting aside the decree of March 8, 1916, and again referring the cause to a commissioner for another accounting.    This commissioner considered, under the order of the court, the evidence already taken and took such further evidence as was offered, and made his report finding that the plaintiff's debt had been fully paid, and that the plaintiff was indebted to the defendant S. P. Harper in the sum of $33.18.    On the 2nd of December, 1919, the court entered a decree overruling the exceptions to this report of the commissioner, and denying the plaintiff any relief.

While the plaintiff in his petition for an appeal assigns a number of alleged errors, they amount in fact to but two, the first being that the court erred in setting aside the final decree entered in his favor of March 8, 1916, upon the bill of review filed by the defendants, and second, that the court erred in confirming the report of the commissioner finding that there was in fact nothing due from the defendant S. P. Harper to the plaintiff, and denying the plaintiff any relief in the cause.

Can we upon this appeal review the action of the circuit court in sustaining the bill of review, and setting aside the final decree theretofore entered in the cause? This action was taken on the 4th of September, 1918, and this appeal was not applied for until the 2nd of December, 1920, more than two years after the entry of the decree granting the relief prayed for in the bill of review.    Clause 9 of § 1 of ch. 135 of the Code provides that an appeal shall lie in any civil case from an order granting a new trial or rehearing, and it has been held by this Court that this statute confers the right to appeal from a decree of a circuit court setting aside a final decree upon a bill of review. *Deaton* v. *Mitchell,* 45 W. Va. 670.    This decree was not appealed from within the time provided by the statute for its review by this Court.    At that time the period of limitation was one year within which the petition for an appeal must be filed.    It

would seem quite clear, therefore, that this decree granting the relief asked by the bill of review, being an appealable decree, and no appeal having been applied for or granted within the time fixed by law, the same cannot now be reviewed by this Court.    The action of the circuit court upon the bill of review will have to be considered as final.

The defendants contend that whether there is anything due from the defendant S. P. Harper to H. H. Harper upon the indebtedness set up in the cause makes no difference, and insist that at the time S. P. Harper and his father made the deed to H. H. Harper, the plaintiff, neither of them had any interest in this land; that the father of S. P. Harper who had been the owner of it had theretofore conveyed it to his daughter, Eliza Daniel, for the purpose of defrauding his creditors, and that neither he, nor anyone claiming under him, can thereafter set up any interest in it in a court of equity.    Pretermitting this question, and considering only the contention that the indebtedness secured by the mortgage has been fully discharged, we find the evidence highly conflicting.    It was three times considered by commissioners in chancery of the circuit court, and after painstaking investigation on each occasion each commissioner reported that the indebtedness had been fully discharged, and the circuit court on the final hearing confirmed this conclusion.    It has been so repeatedly held by this Court that a decree of a circuit court confirming a report of a commissioner, based upon conflicting oral evidence, will not be reversed unless there is a clear preponderance of the evidence against the report, that we deem it unnecessary to cite authority for the proposition.    In this case there is no clear preponderance of evidence in favor of the plaintiff's contention.    In fact, the commissioners to whom the cause was referred, as well as the Judge of the circuit court, have found that the preponderance is in favor of the defendant, and we are not disposed to disturb this conclusion.

It follows, therefore, that the decree complained of will be affirmed.

*Affirmed.*