86 U.S. 544
 22 L.Ed. 183
 19 Wall. 544
 BUTT
v.
ELLETT.
 October Term, 1873
 
 APPEAL from the Circuit Court for the District of Louisiana; the case was thus:
 Sillers, the owner of a plantation in Mississippi, leased the same, on the 15th of January, 1867, to Graham, for one year, from January 1st, of that year, Graham giving his own note, payable to Sillers, for $3500, for the rent. And to secure payment of the note embodying in the lease by which the plantation was let to him a mortgage of all the crops raised on the plantation in the year 1867. The mortgage was immediately recorded in due form. The note was never paid.
 On the 3d of June, 1867, one Ellett, having recovered a judgment against Sillers, sold the plantation at a sheriff's sale under the judgment, and bought it; and Sillers transferred to him the note of Graham for $3500, due November 1st, 1867, the rent to be paid.
 Notwithstanding this, Graham, in November of 1867, transferred the whole crop to certain correspondents of his, Butt & Co., who were heavily in advance for him on then existing transactions. They sold the crop and applied the proceeds in account to the payment of Graham's debt to them.
 Hereupon Ellett filed a bill in the court below against Butt & Co., to charge them, as trustees for him, with the proceeds of the crop.
 The evidence showed——
 On the one hand, that planting never begins in Mississippi earlier than March; and,
 On the other,
 That on the 6th of February, 1867, the defendants had seen the lease with the mortgage provision in it, but apparently that they regarded the provision as void. It also showed that on learning that Graham had transferred the crop of 1867 to Butt & Co., Ellett immediately wrote to them, informing them that the lease with the mortgage in it had been at once duly recorded; that, besides, they had express notice of its existence, and that he would hold them accountable as trustees for the proceeds of the crop if they sold it.
 The court below decreed in favor of the complainant, and the defendant brought the case here.
 
 Messrs. R. H. Marr and T. A. Clarke, for the appellants:
 
 The crop of 1867 was not susceptible of sale or mortgage, in January, 1867. The seed was not in the ground. Planting could commence at the earliest in March. The crop had no potential existence. The land had no power of itself to bring forth cotton. The seed was the essential potential agency to produce cotton. This differs from the existence of a crop of hay, or a fleece of sheep. The roots of the former are either natural to the soil or may be perennial. The fleece is a necessary consequence of the natural healthful existence of the sheep.
 The cases on the question at issue are collected and reviewed in Hilliard on Mortgages.[1] Citing Milliman v. Neher[2] and Comstock v. Scales,[3] that author says: 'A mortgage of future crops is held void.'
 In Cudworth v. Scott:[4] 'A mortgage was given in January, 1859, of 'all the hay and grain that grows on the farm on which I now live, the present year:' Held, to be good for the hay and winter rye, which were in esse at the time of the execution of the mortgage, but not for the grain crop of the spring of 1859.'
 So, in Massachusetts, that which is not in esse cannot be mortgaged.[5]
 
 Messrs. Estes, Jackson, and Ellett, contra:
 
 Notwithstanding some want of harmony in the authorities it is believed to be the settled doctrine, especially in the courts of the United States, that a mortgage, such as this was, is perfectly good.[6] When the parties intend to create a lien upon property not then in actual existence, it attaches in equity as soon as the person who grants the lien acquires the property. In this case, the making of the crop was the end and object of the lease, and it was the express intention of both parties that the lessor should have a lien upon the crop to be grown, as security for the payment of the rent.
 Mr. Justice SWAYNE delivered the opinion of the court.
 
 
 1
 The mortgage clause in the contract of lease of the 15th of January, 1867, executed by Sillers and Graham, could not operate as a mortgage, because the crops to which it relates were not then in existence. When the crops grew, the lien attached and bound them effectually from that time.
 
 
 2
 It is admitted that the cotton in question was one of those crops.
 
 
 3
 Ellett having bought the premises became clothed with all the rights of Sillers, touching the rent stipulated to be paid by Graham. The sheriff's deed conveyed the reversion, and the rent followed it as an incident. The lease passed by assignment to the grantee, and all its provisions in favor of the lessor enured to the benefit of the assignee. The appellants had full notice of the rights of Sillers. They read the lease a few days after its execution. Ellett also notified them of his rights and claim. The cotton went impressed with his lien into their hands. When they sold it they took the proceeds in trust for his benefit, and became liable to him for the amount.
 
 
 4
 DECREE AFFIRMED.
 
 
 
 [1]
 Vol. ii, chap. 42, 4th edition, pp. 414, 416, §§ 12, 18.
 
 
 [2]
 20 Barbour, 37.
 
 
 [3]
 7 Wisconsin, 159.
 
 
 [4]
 41 New Hampshire, 456.
 
 
 [5]
 Moody v. Wright, 13 Metcalf, 17,
 
 
 [6]
 Pennock v. Coe, 23 Howard, 117; Dunham v. Railway Co., 1 Wallace, 254; Tedford v. Wilson, 3 Head, 311; Robinson v. Mauldin, 11 Alabama 980; Bryan v. Smith, 22 Id. 534; Floyd v. Morrow, 26 Id. 353; Curtis v. Auber, 1 Jacob & Walker, 510; Sillers v. Lester, 48 Mississippi, 513; Smithurst v. Edmunds, 1 McCarter, 408.