GROTON MANUFACTURING COMPANY *vs.* J. ABORN GARDINER, Deputy Sheriff, *et als.*

An indented lease contained the following covenant: "And the said parties of the second part hereby pledge and bind all improvements and machinery which they may put on said premises, and the stock of goods which they may have on said premises, for the payment of the rent aforesaid, and for the due performance of all their covenants herein contained," and was recorded: —

*Held*, that this covenant was a contract for a lien when the rent was in arrear, and constituted an equitable lien in favor of the lessors on personalty thereafter put on the leased premises, which took precedence of an attachment laid on such personalty by creditors of the lessees.

The lease was recorded, but not as a mortgage of personalty : —

*Held*, that recording it as a mortgage of personalty would have given it no additional validity.

BILL IN EQUITY to establish a lien.

The complainant corporation on March 19, 1874, executed an indenture of lease of certain land in the city of Providence, with a building thereon, to R. F. Lombard, C. W. Howland, Benj. F. Himes, and T. A. Howland. The lease demised a term of five years from April 1, 1874, reserving a rent payable monthly. It contained the following covenant, and was recorded: —

"And the said parties of the second part hereby pledge and bind all improvements and machinery which they may put on said premises, and the stock of goods which they may have on said premises, for the payment of the rent aforesaid, and for the due performance of all their covenants herein contained."

The lessees formed themselves into a copartnership under the name of the Rhode Island Dairy Company, entered on the premises leased, and put on them machinery for the manufacture of oleomargarine.

The rent was regularly paid till November 1, 1874. February 1, 1875, the lease was cancelled by agreement between the parties

thereto. The rent for November and December, 1874, and January, 1875, amounting to $225, was not paid.

December 26, 1874, Francisco M. Ballou sued out his writ from this court against the lessees, and served it by attachment of the machinery and stock placed by them on the leased premises. January 12, 1875, this court, on Ballou's application, ordered a sale of the attached personalty as perishable property. January 25, 1875, J. Aborn Gardiner, deputy sheriff, pursuant to this order, sold the attached property for $725, and held the proceeds. His return showed a claim for fees and expenses of $169.95. Ballou, at the March Term, 1875, recovered a judgment by default of $450.26 and costs.

The complainant company claimed a lien on the fund in the sheriff's hands prior to the lien of Ballou's judgment, and asked the court for an order directing the sheriff to pay the rent due. *Ante*, p. 129. The court refused the order, whereupon this bill was filed to enforce the lien claimed; the copartners in the R. I. Dairy Co., Gardiner, and Ballou being made respondents.

*July* 28, 1877. POTTER, J. This is a bill in equity to establish an equitable lien on certain property which was sold by the deputy sheriff on attachment, and the proceeds of which sale are now held by him.

The plaintiff leased to certain persons, Lombard and others, who afterwards formed the Rhode Island Dairy Co., certain lands for certain rents, and by the lease said Lombard and others pledged and bound all improvements and machinery which they might put on the premises, and the goods they might have thereon, for payment of rent.

At the sale on the attachment the plaintiff gave public notice of its claim to a lien on the property.

Had it such a lien, and was the lien good against an attaching creditor?

In the case of *Williams* v. *Briggs*, *ante*, p. 476, this court decided that the person claiming such equitable charge or lien could not have an action of trover for the conversion of the property.

And in the case of *Cook* v. *Corthell*, *ante*, p. 482, this court held that while a conveyance of future acquired personal property would be ineffectual to transfer any legal title to the grantee, yet if, when such property was acquired, possession was delivered the property would pass, both at law and in equity.

The present case differs from those in several respects. It is a suit in equity to enforce what is claimed to be an equitable lien.

In the case of *Smithurst* v. *Edmunds*, 14 N. J. Eq. 408, before the Court of Chancery of New Jersey, a hotel was leased with an agreement that the furniture then there, and all other furniture that the lessee should purchase and place on the premises during the lease, should belong to the lessor as security for the rent, and the lessee covenanted that it should not be sold, disposed of, or removed. Execution having been issued against the lessee, the furniture was levied on, and an injunction granted to restrain the sheriff from selling or removing it. On a motion to dissolve the injunction, the court held that the instrument did not constitute a pledge, as the property was not delivered ; nor did it amount to a legal sale or mortgage, as the lessee, at the execution of the lease, had no present actual or potential property in it ; but that it constituted an equitable lien or charge upon the property as soon as the lessee acquired it, which lien or charge was good against the lessee and all persons claiming under him, either voluntarily, or with notice, or in bankruptcy ; and that while ordinarily such property might be sold subject to such charge, the court would enjoin a sale where it would greatly impair, and perhaps destroy, the rights of the mortgagee.

In the case of *Butt* v. *Ellett*, 19 Wall. 544, a lease had been given, and to secure the rent the lessee mortgaged all the crops to be raised, and this was recorded. The lessee transferred the crop to the defendants who were his creditors. The assignee of the lessor filed a bill to charge the defendants as trustees for him. The United States Supreme Court held that it was not a legal mortgage, as the crop was not in existence ; but that as the crops grew the lien attached to and bound them, and they passed into the defendant's hands impressed with this lien.

In the case of *Pennock* v. *Coe*, 23 How. U. S. 117, there was a mortgage of a road made and to be made, engines, machinery, and personal property, present or future acquired. The defendants, holders of some second mortgage bonds, sued and levied on the after-acquired rolling stock ; the plaintiffs, trustees of the road, filed a bill to enjoin the sale. Judge McLean, in the

United States Circuit Court for Ohio, had granted a perpetual injunction, and on appeal the United States Supreme Court confirmed his decision. The court, by Judge Nelson, pp. 126, 127, state the question to be whether the mortgage attaches in equity to the property from the time it was placed on the road, so as to protect it against judgment creditors. The court hold that the mortgagees had the superior equity ; and that while, if there was more than enough to secure their claim the court might permit a sale, yet in the present case it was evident the security was insufficient.

This case is very much in point, as it was a claim by judgment creditors.

And Judge McLean in his decision, which is reported in 2 Redfield's Railway Cases, 667, and 6 Amer. Law Register, 27, considered the question of alleged hardship on the part of creditors.

The instrument in the present case was recorded, but not with mortgages of personal property ; and if it had been, it would have given it no additional validity. It is not a mortgage, nor does it purport to be a mortgage, even of the after-acquired property. There is no transfer of title or possession. Although the word pledge is used, it is not a pledge, because unaccompanied by possession. It is simply a contract for a lien whenever the rent is in arrear, and would constitute a lien in equity.

And upon the authority of the cases we have referred to, we think it should be sustained.                  *Decree accordingly.*

*Arnold Green*, for complainant.

*Nicholas Van Slyck*, for respondents.