# CHARLESTON.

Shumate's Executors *v.* Crockett, *et al.*

Submitted January 27, 1897—Decided April 24, 1897.

1. APPEAL—*Limitation of Appeal.*

No error in a final or appealable decree will be considered upon an appeal not taken within two years from its date. (p. 492.)

2. DECREE—*Amendment of Decree—Motion.*

A mistake or misrecital of a sum in a decree will be corrected on motion after notice, under section 5, chapter 134, Code, 1891. (p. 494.)

3. CONVENTION OF LIENS—*Payments—Restatement of Liens.*

Payment of some of the debts included in a decree made on a commissioner's report convening liens, under section 7, chapter 139, Code 1891, in a suit by a judgment creditor for himself and other lienors, will not suspend its execution, or call for a rehearing or restatement of liens. (p. 493.)

4. ENFORCEMENT OF LIENS—*Payments—Parties.*

A suit to enforce liens, under section 7, chapter 139, Code 1891, by one judgment creditor, suing for himself and other lienors, will not be suspended by payment of the debt of the plaintiff after an order of reference. It may and will proceed in the name of the plaintiff, unless an order be made substituting another person as plaintiff. (p. 493.)

5. PURCHASE PENDENTE LITE—*Notice—Parties.*

*Pendente lite* purchasers need not be made parties. Where judgments are docketed or deed of trust recorded, or liens otherwise acquired, and a chancery suit to enforce same is pending, there need be no notice of the pendency of such chancery suit, under section 13, chapter 139, Code 1891, to bind purchasers purchasing after the docketing of such judgment or recordation of such deeds of trust or lien. They are *pendente lite* purchasers, under the common-law rule. (p. 493.)

492    SHUMATE'S EXECUTORS v. CROCKETT et al.

Appeal from Circuit Court, Summers County.

A. Shumate's executors sue W. C. Crockett and others. Decree for plaintiffs. From an order refusing a rehearing, Crockett and others appeal.

*Modified and affirmed.*

HAYNES, ARBUCKLE & HEFLIN, for appellants.

J. H. MILLER, D. E. JOHNSON and S. L. FLOURNOY, for appellees.

BRANNON, JUDGE:

The executors of A. Shumate, deceased, judgment creditors of W. C. Crockett, suing for themselves and all other lien creditors, under section 7, chapter 139, Code 1891, filed a bill to enforce such liens against lands of Crockett, and also one debt secured by a deed of trust given by Crockett and Willie C., his wife; and, upon a commissioner's report ascertaining liens, the court pronounced a decree fixing liens, and directing a sale. This decree was May 13, 1891. In February, 1895, before sale, Crockett and wife filed an answer, asking that the case go back to a commissioner for restatement of liens in view of certain partial payments on debts decreed, and to expunge usury in one debt; and Willie C. Crockett filed a petition asking rehearing, and that Barclay and Bryan, trustees, and Doran, be made parties. And John G. Crockett and Willie C. Crockett filed a petition to rehear the decree. The court refused to rehear or recommit the report, or to continue the cause. It refused to receive the petition of John G. and Willie C. Crockett, and also refused to allow it to be withdrawn. W. C. Crockett, Willie C. Crockett, and John G. Crockett appeal.

We shall not consider any objections to the decree of May 13, 1891, because that decree, if not in full sense final, was appealable; and, as nearly four years had elapsed from its date to the date of the appeal, those questions are forever closed. *Buster* v. *Holland*, 27 W. Va. 510. This decree was such a final decree as to allow a bill of review. *Core* v. *Strickler*, 24 W. Va. 689. And three years, if not two, bar a bill of review.

Some considerations based on things taking place after

that decree are relied upon. Some payments were made on the debts, but on many no payments were made, and what was paid was a very inconsiderable fraction of the indebtedness decreed. Now, a reference had been made, and one statement of liens made. That complied with the law. Can a defendant, under these circumstances, demand a suspension of a decree fixing liens, and a reconvention of creditors from partial payments? If so, a debtor would have but to make partial payments to indefinitely postpone. Reflect that the court did make a reference, and on its report decreed liens. There was no uncertainty, then, as to liens or amounts. After partial payments could not render it indefinite as to the sum for which the land was to be sold, for the debtor knew what payments he had made, and the court would, if necessary, apply them by further proceedings. The debt of the plaintiffs was paid, but the suit was expressly for all lienors, and others had appeared, and become parties, and that payment could not defeat the decree. The decree belonged to all, not one, of the creditors, and any creditor yet unpaid had a right to enforce it. It could go on in the name of original plaintiffs, or, if anybody so asked, the plaintiff's name could be stricken out, and another creditor's name substituted; but what the use of this, unless the original creditor asked it so as to be relieved of fee bills? *Linsey* v. *McGannon*, 9 W. Va. 154; *Bilmyer* v. *Sherman*, 23 W. Va. 662.

As to the point that Barclay and Bryan and Doran were not made parties: After the commencement of this suit, Crockett and wife made a lease for years to Barclay, trustee, for the purpose of boring for oil; and they also made a deed of trust to Bryan, trustee, to secure Doran borrowed money, for which John G. Crockett was surety. Though these conveyances passed legal title, yet they were subsequent in time to the docketing of the judgments and registry of the deed of trust decreed as liens on the land; and section 13, chapter 139, Code 1891, did not require a notice of *lis pendens* of this suit, and it operated under the common-law rule of *lis pendens*, and those parties were *pendente lite* purchasers, and need not be made parties. They had, by construction of law, notice of both the liens and of this suit. *Harmon* v. *Byram*, 11 W. Va. 511; *Lynch* v. *Andrews*, 25 W. Va. 754; *Stout* v. *Mercantile Co.*,

41 W. Va. 339 (23 S. E. 571) ; *O'Connor* v. *Dils*, 43 W. Va. 54 (27 S. E. 363.)

There was in the decree what I shall call a clerical mistake. The commissioner reported a debt of B. Prince & Co. as ninety-six dollars and fifty-eight cents, and the decree, by mispunctuation, makes out of the same figures a debt of nine thousand six hundred and fifty-eight dollars, a signal instance of the power of punctuation, especially if, as claimed, it be good ground on this appeal, if it were in time, for the reversal of the whole decree. The petition of Willie C. Crockett, as I interpret it, assigned this as a ground of rehearing. This is, under section 5, chapter 134, Code 1891, a mistake or misrecital of a sum, and the decree is amendable by the commissioners' report within five years. This petition is good to correct that error. *Crumlish* v. *Railroad Co.*, 28 W. Va. 627 ; *Martin* v. *Smith*, 25 W. Va. 583 ; *Triplett* v. *Lake*, 43 W. Va. 428. The only question is that said section requires notice to the party to be affected by the amendment. The want of it is the only impediment in the way in saying the court below ought to have amended the decree in this particular respect under that petition. If the decree were interlocutory or not appealable, so we could treat the petition as one for rehearing, we could dispense with notice ; but, as it is, we have to regard the petition as a bill of review, requiring process. No one appeared to this petition but the Bank of Princeton. But counsel representing creditors disavow in this Court all idea of claiming more for Prince & Co. than ninety-six dollars and fifty-eight cents under the decree, saying it was merely a clerical misprision ; and, as it ought to be corrected, we will amend the decree in that point, and affirm it as so amended.

*Modified and affirmed.*