## CHARLESTON.

DEATON *et al. v.* MITCHELL *et al.*

Submitted Jan. 22, 1898—Decided Dec. 14, 1898.

1. SUPREME COURT OF APPEALS—*Jurisdiction.*

Where a decree merely pecuniary, and for not over one hundred dollars, is reversed on bill of review or petition for rehearing, this Court has no jurisdiction of an appeal from the decree of reversal. (p. 670).

2. APPEALABLE DECREE.

A decree which adjudicates all the principles of a cause and settles the rights of the parties, leaving nothing further to be done but execute it, is such a decree as will support an appeal from a decree which grants a rehearing of the first decree. (p. 671).

Appeal from Circuit Court, Mercer County.

Bill by C. A. Deaton & Co. against E. M. Mitchell and others. From the decree, plaintiffs appeal.

*Dismissed.*

JOHN A. DOUGLAS, D. W. McCLAUGHERTY, and COUCH, FLOURNOY & PRICE, for appellants.

JOHNSTON & HALE, for appellees.

BRANNON, PRESIDENT:

Before considering a case before it on its merits, this Court must consider its jurisdiction, especially as it is in this case challenged. We have no jurisdiction of this appeal. It was a suit to enforce a judgment lien upon land. On reference to a commissioner to ascertain liens, only two were reported, and they were decreed against the

land, and it was decreed to sale; one being to the Bank of Bramwell, the other to C. A. Deaton & Co., and each less than one hundred dollars, that of Deaton &. Co, being ninety-seven dollars and sixty-one cents. The debt of the bank was paid, as shown by a record entry, though this is not material. Afterwards, on a petition assigning errors in former decree, filed by defendants, the decree of sale was set aside, and a rehearing was allowed. Deaton & Co. obtained from a judge of this Court an appeal. Deaton & Co., if aggrieved at all, are aggrieved in a matter purely pecuniary, and the amount is less than one hundred dollars, excluding costs, as the decree granting rehearing took away from them ninety-seven dollars and sixty-one cents. Where the controversy is purely pecuniary, the amount must exceed one hundred dollars, exclusive of costs. *Berry* v. *Cunningham*, 37 W. Va. 302 (16 S. E. 463); *McClaugherty* v. *Morgan*, 36 W. Va. 191 (14 S. E. 992). It is claimed, further, that for another reason we have no jurisdiction, and that is that the decree confirming the commissioner's report, decreeing the debts against the debtor and his land, is not a final decree; and that, while Code 1891, c. 135, s. 1, cl. 9, gives a writ of error or appeal "in any civil case where there is an order granting a new trial or rehearing," without waiting for such new trial or rehearing, yet this is only where the decree reheard is a final one. That decree was likely, in full sense, a final one, as it only remained to execute it by sale; but certainly it was so far a final one as to come under said clause granting appeal where rehearing has been granted. That decree adjudicated the principles of the cause, fixed the rights of the parties as to all matters in the case on which relief could be granted, and is so far final that it is an appealable decree, and will support a bill of review. It left nothing to settle. *Core* v. *Strickler*, 24 W. Va. 689; *Rader* v. *Adamson*, 37 W. Va. 582 (16 S. E. 808); *Shumate* v. *Crockett*, 43 W. Va. 491 (27 S. E. 240); *Buster* v. *Holland*, 27 W. Va. 510; *Cocke's Adm'r* v. *Gilpin*, 1 Rob. (Va.) 20; *Rawling* v. *Rawling*, 75 Va. 83. Very clearly the same intention moved the enactment of clause 9, as respects new trial and rehearing, the one in law, the other in chancery; and that was to change the old law forbidding a writ of error or

appeal till final judgment or decree, and, by anticipating them, allow a writ of error at law where a verdict is set aside, and a rehearing in chancery where there has been a decree settling the principles of a cause, so as to have the appellate court pass on the merits of the case without the delay and expense of new trial or rehearing. It was intended to let a party deprived of the jury's decision or the court's decision on the merits in his favor appeal at once. Strange that a decree so far final as to allow a bill of review or appeal should yet not be final enough to allow an appeal to test the right to grant a rehearing. This would defeat the manifest aim of the clause. If, therefore, a decree adjudicates the principles of the cause, so that it only remains to execute the adjudication, a rehearing gives right to appeal. Whether it must adjudicate all the matters involved, I do not say. This decree did so. Indeed, it may be that this clause was intended to go further, and give appeal from a rehearing where the decree is interlocutory, yet decides some principles directing and controlling further final decision, though not appealable or open to bill of review; in other words, where a petition for rehearing, properly so called, and not an appeal or bill of review, lies. But as this decree closed all the matters involved, that question does not arise, and I have not examined it. In fact, the decree being final, the pleading called a petition for rehearing is a bill of review, and it cannot be questioned that a decree disposing of a bill of review will support an appeal, if the requisite pecuniary amount is present, where the decree reviewed is merely pecuniary. The name given the paper is no matter. *Martin* v. *Smith*, 25 W. Va. 579; *Crumlish Case*, 40 W. Va. 659 (22 S. E. 90).

Dismissed for want of jurisdiction.

*Dismissed.*