# CHARLESTON.

CORA B. DONEHOO *et al.* v. J. D. KING *et al.*

Submitted February 18, 1919.　Decided February 25, 1919.

1. ESTOPPEL—*Estoppel by Deed— Conveyance in Fraud of Creditors.*

The doctrine of estoppel by a covenant of warranty is not operative between the grantor and grantee in a deed conveying land with intent to defraud creditors, against a purchaser from the grantor for a valuable consideration, or any person claiming under such purchaser; the deed having been set aside for fraud and the land sold to satisfy a debt of a creditor and the grantor having re-acquired the title and conveyed the land to a third person for value. (p. 487).

2. FRAUDULENT CONVEYANCES—*Decree— Construction.*

A decree setting aside a deed and subjecting the land conveyed by it to sale, at the instance of a creditor of the grantor, to satisfy both prior and subsequent debts, upon a bill charging the making of the conveyance with intent to defraud the creditor as to such debts, withholding of the deed from record, inducement of credit by a false representation of ownership of the land after the conveyance, failing circumstances of the grantor at the date of the deed and his insolvency at the date of the filing of the bill, is properly interpreted as one setting the deed aside for fraud in the making thereof. (p. 488).

3. SAME—*Participation in Fraud—Volunteer's Acceptance of Benefits.*

A mere volunteer in a fraudulent conveyance, whether an infant or an adult, participates in the fraud of the grantor, by his acceptance of the benefit of the conveyance. (p. 488).

4. SAME—*Infant Grantee—Purchaser for Value—Estoppel.*

To permit an infant grantee in a fraudulent conveyance to have the benefit of an estoppel arising from the covenant of warranty in the deed, against a purchaser for value from the grantor, after the latter has re-acquired the title through judicial proceedings and conveyed the land to a third person for value, would contravene the legal principle denying to any person the benefit of his own wrong, as well as the spirit of the statute against fraudulent conveyances. (p. 488).

Appeal from Circuit Court, Boone County.

Bill by Cora B. Donehoo and others against J. D. King and others and J. W. Cassingham and others. Decree for

plaintiffs, and defendants J. W. Cassingham and others
appeal.

*Decree reversed and bill dismissed.*

*J. Blackburn Watts* and *McClintic, Mathews & Campbell,*
for appellants.

*Murphy & Wade,* for appellees.

POFFENBARGER, JUDGE:

This appeal is from a decree setting aside and canceling the
title papers of the appellants, as to the undivided two-fifths
of 2,503 acres of land claimed by them, as constituting clouds
upon the title of the appellees, and awarding partition of
the land, upon the theory that the latter acquired the title
by means of a covenant of warranty in a deed which was
set aside and annulled and the covenantor's partial re-acqui-
sition of the title warranted by him.

By a deed dated, September 9, 1877 and recorded Aug-
ust 30, 1883, Daniel Donehoo and wife conveyed the land to
Clara J. Briggs and Mary King, two of his children, in trust
for his six minor children, with a covenant of general war-
ranty as to all of it but three acres. In November 1883,
T. M. White, a creditor of Donehoo, filed his bill to set aside
the deed, for want of consideration and intent on the part
of the grantor, in the making thereof, to hinder, delay and
defraud his creditors and particularly the said White. Upon
that bill, the deed was set aside and the land sold to satisfy
the plaintiff's debt and he became the purchaser. By a deed
dated, October 9, 1897, White reconveyed to Donehoo, two-
fifths of the land, for a recited consideration of $2,012.00.
By a deed dated Aug. 21, 1890, Donehoo and wife conveyed
said two-fifths to John Moores, who on the next day ac-
quired the other three-fifths from White, by deed. From
Moores, such title as he acquired by these conveyances, pur-
porting to be entire and complete, has passed by numerous
deeds to the appellants

The sole ground of alleged title in the appellees is inure-
ment to them of the title to the two-fifths reconveyed to
Donehoo, by reason of his covenant of general warranty in

the deed by which he had formerly conveyed the entire tract to them and which had been canceled and set aside. Their contention is that the deed was set aside only as to the superior right of. White, as a creditor, and was left'in full force and effect between the parties to it; and that the warranty passed the re-acquired title to the two-fifths, by estoppel. Of course a creditor of a fraudulent or. voluntary grantor has no right to have the conveyance wholly set aside, except for subjection of the property to payment of his debt, but he has an undoubted right to have the property sold and complete title thereto passed by the sale, if such procedure is necessary to the satisfaction of his debt. And, in this instance, the property was sold and complete title passed to White. Hence, this bill cannot be sustained upon the theory of title remaining in the grantees after the sale. Such a status is both logically and legally impossible. It 'is fair to counsel to say they do not claim it.

Ordinarily, if a person grants land with a covenant of general warranty any title thereto he subsequently acquires from a third person virtually passes by force of his warranty, to his grantee, for he is estopped to claim it against his own covenant. *Clark* v. *Sayers*, 55 W. Va. 512; *Yock* v. *Mann*, 57 W. Va. 187; *Summerfield* v. *White*, 54 W. Va. 311. And the estoppel binds his heirs, grantees and all persons claiming under him. *Clark* v. *Sayers*, cited; *Custer* v. *Hall*, 71 W. Va. 119; *Raines* v. *Walker*, 77 Va. 92; *Carver* v. *Jackson*, 4 Pet. (U. S.) 86; *Myers* v. *Croft*, 13 Wall: (U. S.) 219; *Irvine* v. *Irvine*, 9 Wall. (U. S.) 618.

The theory of the appellees is that the covenant of warranty between Donehoo and his grantees, embodied in the deed, was not destroyed by the decree or the sale made under it, and that it still has force and efficacy binding him and all persons claiming under his subsequent deed to Moores. It seems to be admitted, however, that, if the deed of 1877 was actually fraudulent, the grantees therein are estopped to claim the benefit of the warranty against Moores, a purchaser for value from Donehoo, after he re-acquired title. That they are, if such is the case, is most emphatically asserted by well considered decisions. *Gilliland* v. *Fenn*, 90

Ala. 230; *Stokes* v. *Jones,* 18 Ala. 734; *Troxell* v. *Stevens,* 57 Neb. 329.

This record discloses none of the proceedings in the suit brought by White, except the bill, the decree of sale and confirmation and the deed made by the special commissioner. The bill alleged indebtedness both prior and subsequent to the date of the deed it assailed, and charged both want of consideration and fraud, in a single paragraph, and, in addition thereto, false representations of ownership of the land, after the conveyance, by way of inducement to loans made to the grantor by the plaintiff, as well as a withholding of the deed from record. It also alleged failing circumstances on the part of Donehoo since the year 1876 and total insolvency at the date of the filing thereof. What defense he set up in his answer does not appear. The decree did not adjudge the existence of fraud in terms. Its language is that the deed "be set aside and held for naught so far as the same in any way affects the plaintiff's debt." However, it subjected the land to sale for all of the indebtedness claimed, $2,000.00, largely, if not entirely, contracted before the date of the deed and $1,123.95 contracted afterwards.

Considered as an entirety, the bill cannot be fairly construed otherwise than as one attacking the deed on the ground of actual fraud. Lack of consideration was charged as a circumstance tending to prove fraudulent intent. In addition thereto, it charged a conveyance by a man in failing financial circumstances, to avoid payment of existing indebtedness, and fraudulent contraction of subsequent indebtedness. Nor is the decree fairly susceptible of any interpretation other than that of one setting aside the deed for actual fraud, since it set it aside as to indebtedness subsequently incurred; for it could not have been set aside for lack of consideration alone, as to a debt subsequently incurred. Code, ch. 74, sec. 2; *Edwards Manufacturing Co.* v. *Carr,* 65 W. Va. 673; *Greer* v. *O'Brien,* 36 W. Va. 277; *McCue* v. *McCue,* 41 W. Va. 151; *Graham Grocery Co.* v. *Chase,* 75 W. Va. 775.

Inability of the infant beneficiaries of the deed of 1877, to participate actively in the fraud of the grantor, may be admitted, but that does not absolve them from the effect of

the fraudulent intent and purpose. There is no saving in
sec. 1 of ch. 74 of the Code, in favor of volunteers, whether
infants or adults. If there is fraud on the part of the gran-
tor only, it vitiates the deed as to everybody except a pur-
chaser for value and without notice. *Graham Grocery Co.*
v. *Chase,* cited. The recipient of a fraudulent gift, however
free from intent actually fraudulent, becomes a fraudulent
grantee the moment he claims the benefit of the grant. His
acceptance amounts in law to an adoption of the fraudulent
act of the grantor. *Graham Grocery Co.* v. *Chase; Laidley* v.
*Reynolds,* 58 W. Va. 418; *Mahew* v. *Clark,* 33 W. Va. 387;
*Conaway* v. *McCann,* 30 W. Va. 200; *Duncan* v. *Cutler,* 24
W. Va. 630; *Sexton* v. *Wheaton,* 8 Wheat. 229. To claim
the benefit of the estoppel ordinarily arising from a covenant
of warranty, the grantees in the fraudulent deed, would have
to adopt the fraudulent act of the grantor, for the covenant
is a part of that act, and that would make them, in a legal
sense, participants in it. If permitted to take the benefit of
it, they would be allowed to profit by their own fraud at the
expense of a purchaser for value.

From these principles and conclusions, it results that the
decree complained of is erroneous and that there is no merit
in the bill; wherefore the decree will be reversed and the bill
dismissed, with costs to the appellants in this court and in
the court below.

*Decree reversed and bill dismissed.*