**BARFIELD et al. v. W. C. BELCHER LAND MORTGAGE CO. et al.**
(No. 498–3898.)

(Commission of Appeals of Texas, Section A. Feb. 6, 1924.)

**1. Deeds ⬅⟼120—How to determine whether intention was to convey property or merely title thereto stated.**

In determining whether it was the intention of the grantor in a deed to convey the property described therein or merely his title thereto, the instrument is to be considered in its entirety, and if, considered as a whole, it appears that the purpose was to convey the property itself it should be so construed, even though portions may indicate that only the grantor's title was conveyed.

**2. Husband and wife ⬅⟼119(3) — Deed from husband to wife held to convey title merely.**

A deed by a husband to his wife in consideration of $10, and describing "the land herein conveyed," grantee to assume an indebtedness of $2,500 and to have and to hold premises so that neither the grantor nor his heirs nor any person or persons claiming under him should at any time thereafter have claim, or demand any right or title to the premises, *held* not to disclose an intention by the grantor to convey the land as distinguished from his title thereto.

**3. Estoppel ⬅⟼39—Title acquired subsequent to husband's quitclaim held to vest in community.**

Where a husband quitclaimed to his wife an outstanding title afterwards conveyed to the wife, *held* to vest in the community and not to inure to her separate estate.

---

⬅⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Estoppel ⬷37 — After-acquired title held not to inure to separate estate of wife, where husband's quitclaim fraudulent.**

If a deed from a husband to his wife be construed as conveying the land itself, an after-acquired title from a third person will not be construed to inure to the separate estate of the wife but to the community, the deed from the husband to the wife being for the fraudulent purpose of defeating levy of execution under a judgment of such third person.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by T. H. Barfield and others against the W. C. Belcher Land Mortgage Company and others. Judgment for plaintiffs was reversed by the Court of Civil Appeals (244 S. W. 395), and plaintiffs bring error. Reversed, and judgment of the district court affirmed.

A. L. Green, of Breckenridge, and Wagstaff, Harwell & Wagstaff, of Abilene, for plaintiffs in error.

Wm. J. Berne, of Fort Worth, for defendants in error.

BISHOP, J. On and prior to October 26, 1891, the land in controversy in this suit was the community property of J. M. Sullivan and his wife, Susan Sullivan; the legal title being in the husband. On said date a judgment was rendered in the justice court of Taylor county in favor of R. H. Parker against J. M. Sullivan, and on December 10, 1891, a levy was made on the property in controversy by virtue of an alias execution issued on said judgment to Jones county for a balance due thereon, and the property sold to said R. H. Parker by sheriff's deed of date January 5, 1892, and filed for record in Jones county January 5, 1892. On December 10, 1891, J. M. Sullivan, for the purpose of defeating the levy of the execution under the Parker judgment, executed to his wife, Susan Sullivan, his deed filed for record March 8, 1892, as follows:

"The State of Texas, Taylor County.

"Know all men by these presents that I, J. M. Sullivan, of the county of Jones and state of Texas, for and in consideration of the sum of ten dollars to me in hand paid by Susan Sullivan of the county of Jones and state of Texas, the receipt of which is hereby acknowledged, do by these presents bargain, sell, release, and forever quitclaim unto the said Susan Sullivan her heirs and assigns, all my right, title, and interest in and to that tract or parcel of land, lying in the county of Jones and state of Texas, described as follows, to wit: Eleven hundred fifty acres of land, being a part of a survey of land patented to Samuel Andrews. Said patent dated October 28, 1859, patent No. 91, vol. 16. The land herein conveyed being the upper half of said tract of land lying in Jones county, Texas, on the west bank of the Elm fork of the Clear fork of the Brazos river.

"It is understood that as a further consideration for this transfer to Susan that the said Susan Sullivan is to assume and pay off a certain indebtedness of twenty-five hundred dollars together with all interest due the Jarvis Conklin Mortgage Trust Company.

"To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances to the same in any manner belonging unto the said Susan Sullivan, her heirs and assigns forever, so that neither I, the said J. M. Sullivan, nor my heirs, nor any person or persons claiming under me, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof.

"Witness my hand this the 10th day of December, A. D. 1891.      J. M. Sullivan."

Thereafter, by deed of date March 29, 1892, and recorded March 31, 1892, R. H. Parker conveyed the land to Susan Sullivan for the recited consideration of $75; there being nothing in the deed nor in evidence to show an intention that the property thus conveyed should become her separate estate. J. M. Sullivan died intestate in September, 1892.

Plaintiffs in error, the only heirs of J. M. Sullivan, deceased, filed this suit against defendants in error, who were claiming under transfers from Susan Sullivan, executed subsequent to the death of J. M. Sullivan. Trial in the district court resulted in judgment for plaintiffs in error for an undivided one-half interest in the land. On appeal the Court of Civil Appeals sustained the contention of defendants in error, holding that the deed above quoted from J. M. Sullivan to his wife, Susan Sullivan, was not a mere quitclaim, but on its face purported to convey the land itself, and not the chance of title thereto only, and for this reason the after-acquired title from R. H. Parker to the community estate of J. M. Sullivan and wife, Susan Sullivan, inured to the wife in whom he had previously attempted to vest title by said quoted deed. 244 S. W. 395.

[1, 2] With the exception of the recital, "the land herein conveyed being the upper half of said tract of land lying in Jones county," which appears in a description of property, the granting and habendum clauses contained in the instrument from J. M. Sullivan to his wife are substantially the same as those construed in the opinions in the cases of Threadgill v. Bickerstaff, 87 Tex. 520, 29 S. W. 757, and Hunter v. Eastham, 95 Tex. 648, 69 S. W. 66, in which the court held the instruments to be quitclaim deeds conveying the chance of title only, and not the land itself. In determining whether it was the intention of the grantor to convey the property described, or merely his title to the property, the instrument is to be considered in its entirety. If, considered as a whole, it is apparent that the purpose was to convey the property itself, it should be so construed, even

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

though portions of it may indicate that only the grantor's title is conveyed. The statement quoted above is found in that portion of the instrument in which the property is being described, and that, or some similar statement, seem, necessary to a proper description thereof. We have concluded that, in the connection in which it was used, this expression evidences only an intention to more fully describe the property, and not the intention to convey property. Taking into consideration the entire instrument we do not think that the court would be warranted in holding that the grantor's intention was to convey the land as distinguished from his title thereto. See, also, Emery v. Barfield (Tex. Civ. App.) 183 S. W. 387.

The deed in the case of Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940, cited by the Court of Civil Appeals, is similar to this instrument, with the exception that the clause there under consideration was:

"And it is my intention here now to convey to the said A. A. Neff all the real estate that I own in said town of Paducah * * * whether it is set out above or not."

There the court held that it was clearly the intention to convey the property. In this case such intention is not expressed, and, we think, not necessarily inferred, from the expression used.

If the expression, "the land herein conveyed," should be held to have the effect to render ambiguous the instrument—if "the question is not free from doubt," as is stated by the Court of Civil Appeals in its opinion—the attendant circumstances under which it was executed should be considered in determining its true character. Cook v. Smith, supra; Harrison v. Boring, 44 Tex. 255. In support of the judgment of the trial court it will be held that it has passed on all facts in evidence favorable to the contention of plaintiff in error.

[3] The deed from J. M. Sullivan to his wife, Susan Sullivan, being a quitclaim, though a conveyance to her separate estate, the after-acquired title from R. H. Parker to Susan Sullivan vested title in their community, and did not inure to the separate estate of the wife. Perrin v. Perrin, 62 Tex. 477; Emery v. Barfield, supra.

[4] However, we are of opinion that if the deed from J. M. Sullivan to his wife conveyed the land itself, the after-acquired title from R. H. Parker to the community would not inure to the separate estate of the wife. The deed was executed for the fraudulent purpose of defeating the levy of the execution under the Parker judgment. The wife, as well as her husband, was a party to this fraudulent transaction. While the law, as it did in this instance, will render the transaction void as to the creditor, it will assist neither of the parties guilty of the fraud, but leave the transaction as they fixed it. To do otherwise would be contrary to good public policy. The courts should neither assist the wife in securing a title which she attempted, but failed, to secure by this fraudulent transaction, nor assist the husband by setting aside, at his request, his deed executed in fraud of his creditors. Here the fraudulent deed failed of its purpose. The land was levied on and sold to satisfy the judgment. We think the effect of the sale under execution was to cancel the deed to Susan Sullivan, his wife, and the after-acquired title from Parker could not have the effect of granting title to her separate estate. Donehoo v. King, 83 W. Va. 485, 98 S. E. 520; Rogers v. Rogers (Tex. Com. App.) 240 S. W. 1104.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.