ORA B. BAKER *v.* F. L. LETZKUS

(No. 8076)

Submitted November 19, 1935. Decided December 3, 1935.

*W. S. Wilkin,* for plaintiff in error.
*Pinsky & Mahan,* for defendant in error.

LITZ, PRESIDENT:

This is an action in assumpsit for breach of an allegedly implied covenant of title to real estate. The declaration contains only the common counts.

By deed dated October 1, 1924, defendant, F. L. Letzkus, granted to plaintiff, Ora B. Baker, in consideration of $750.00, lot 56 in Valley Terrace Addition to the Town of Hollidays Cove, Brooke County, West Virginia. The deed contains no

covenants of title and correctly recites that the property had been conveyed to Letzkus by Abe Montgomery, as clerk of the county court of Brooke County, by deed dated May 16, 1924, and recorded in the office of the clerk of said county court in deed book 54, page 477. The conveyance from the clerk to Letzkus was executed pursuant to a sale of the land for delinquent taxes. The two deeds were later cancelled, by judicial decree, at the instance of the grantees of the former owner, in whose name the property was sold for taxes, because of defects in the tax proceedings culminating in the deed from the clerk to defendant.

This action was then brought to recover the purchase price, paid by plaintiff to defendant, for failure of title to the property. The defendant demurred to the declaration and filed two special pleas; one setting up the five years statute of limitations, and the other averring that the purpose of the action was to recover the purchase price of the property which had been conveyed by defendant to plaintiff without covenants of title. The trial court overruled the demurrers to the declaration and special pleas. Upon certification, this Court affirmed the ruling on the demurrer to the declaration because a declaration in assumpsit, containing only the common counts, is not demurrable; reversed the ruling on the demurrer to the plea of the statute of limitations on the ground that the ten years statute applied; and also reversed the ruling on the demurrer to the special plea, averring that the action is based upon the deed which contains no covenants of title, for the reason that this defense may be relied on under the general issue. 113 W. Va. 533, 168 S. E. 806. In the syllabus of the opinion in the case it was held: " 'A grant of land is a mere transfer of such title or right thereto as the grantor, at the time of the grant, may hold or have, absolutely or contingently'; and 'a grant does not imply an assertion of title in the grantor, or a covenant with the grantee to warrant the land.' *Weston Mining & Mfg. Co.* v. *Coal Co.*, 8 W. Va. 406." At the trial, the court entered judgment upon a directed verdict for plaintiff solely because she had lost title to the property. There is no evidence of fraud or misrepresentation on the part of defendant or any-

one in his behalf. According to the uncontroverted testimony of Thomas J. Reed, who, as agent of defendant, negotiated the sale to plaintiff, and the recitals in her deed, she knew that she was purchasing a tax title. It does not appear for what reason the tax title was adjudged invalid, whether because of defects peculiarly within the knowledge of defendant or such as were equally open to plaintiff.

Defendant, upon whose application the writ of error was awarded, insists that he is not liable because the deed contains no covenants of title.

According to the general rule, supported by the decided weight of authority, a deed of bargain and sale, containing no warranties, operates solely as an instrument of conveyance, and affords no basis for the recovery of the purchase money on failure of title. ''The vendor of real estate is not responsible for any defects of title, unless he has bound himself by some covenant of warranty to protect the vendee, * * * (or) has been guilty of some fraud or concealment. *Commonwealth* v. *McClanahan's Ex'rs.,* 4 Rand. 482.'' *Weston Mining & Mfg. Co.* v. *Coal Co.,* 8 W. Va. 406, 446; *Johnston's Adm'r.* v. *Mendenhall,* 9 W. Va. 112; *Worthington* v. *Stanton,* 16 W. Va. 208, 242; *Listing* v. *Rodes,* 96 W. Va. 38, 41, 122 S. E. 282. ''As a general rule, where the contract is executed by a conveyance, the rights of the parties in the absence of fraud or mistake are regulated by the deed, and as a general rule, if there are no covenants of title in the deed, defect in or failure of title gives the purchaser no right to recover the purchase money paid.'' 27 R. C. L. 626. '' * * * one who accepts a deed generally has no remedy for defect of title except such as the covenants in his deed may give him. If, therefore, there are no covenants, he has no redress though he gets no title. He can neither sue on an implied warranty nor can he recover because of failure of consideration, * * *.'' II Williston on Contracts, sec. 926. We do not see the application of *Garber* v. *Armentrout,* 32 Gratt. 235 (relied on by plaintiff) in which the grantee was permitted to recover the consideration for a conveyance of property by a married woman theretofore invalidated at her suit.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded.

*Reversed and Remanded.*