D. E. EGNOR, *Admr., etc., et al.* v. M. T. ROBERTS *and* J. N. ROBERTS, *Partners, etc.*

(No. 8476)

Submitted May 11, 1937.   Decided May 18, 1937.

*Jacob D. Smith* and *D. E. Wilkinson,* for appellants.
*W. T. Lovins* and *W. H. Waldron, Jr.,* for appellees.

RILEY, JUDGE:

This is a suit in equity brought by D. E. Egnor, administrator of the estate of Julia B. Egnor, deceased, and others, against M. T. Roberts and J. N. Roberts, partners, etc. and others, for the purpose of having set aside a

certain deed, executed in a judgment lien creditors' suit, as a cloud in so far as it purports to convey to the said Roberts a certain undivided one-eleventh interest in minerals claimed by the plaintiffs. The court having granted the relief prayed for, the defendants, M. T. Roberts and J. N. Roberts, who purchased at the judicial sale, prosecute this appeal.

In 1871, William Cooper and wife conveyed to John Cooper a certain tract of land, located on Big Laurel Creek, in Lincoln County, "containing forty acres more or less". John Cooper died testate in 1911, leaving his property, both personal and real, to his wife, Julia A. Cooper. Shortly thereafter, and during the lifetime of Julia A., their son, Walter Cooper, together with his wife, executed and delivered to James Egnor, Sr. the following instrument:

"THIS DEED, Made this the 12th day of June, 1912, between Walter Cooper and Lilly Cooper, of the ............... part, and James Egnor, Sr., of the second part, all of the County of Lincoln and State of West Va.

"WITNESSETH: That the said parties of the first part, for and in consideration of $21.00 cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part *does* grant unto the party of the second part, a certain parcel of mineral in an undivided parcel of land known as the estate of John Cooper, deceased, this *a* being one heirs part, including all oil, gas*s* and coal and all underlying fluids and mineral, of all kinds underlying said surface, the party of the second part reserves right-of-way for the laying of all pipe lines, and cross lines, and tram roads, and for all buildings and full privilege to operate the same on and over said surface, this real estate lying on the head of Big Laurel Creek, a tributary of Mud River, in the Dist., of Union, County of Lincoln and State of West Va., for a better description of said land, will be found on record in the County Clerk's Office in Lincoln County, West Va.

"Witness the following signatures and seals.
WALTER COOPER (SEAL)
LILLIE COOPER (SEAL)."

At the time of the execution of the aforesaid writing, Walter Cooper had no title whatever to the property therein described. On February 11, 1915, the defendants, M. T. Roberts and J. N. Roberts, secured a judgment against the said Walter Cooper in the amount of $55.08 and costs of $2.65. On August 7, 1923, Julia A. Cooper conveyed to Walter Cooper a one-eleventh undivided interest in the real estate and minerals, which were devised to her by will of her late husband. The Roberts, on September 18, 1933, instituted a suit to subject Walter Cooper's real estate to sale for the benefit of creditors. Thereafter, to-wit, January 15, 1935, D. E. Wilkinson, as special commissioner, in accordance with a decree of the circuit court in which said suit was pending, conveyed certain real estate to the said M. T. Roberts and J. N. Roberts as purchasers, including the one-eleventh interest in the minerals, claimed by the plaintiff.

About September 25, 1924, John N. Egnor, Sr., the grantee named in the instrument in question, died. By his will he devised all of his property to his wife, Julia Egnor. She died about January 21, 1932, intestate. The plaintiffs in this suit are her administrator and her heirs-at-law and next of kin.

On this appeal, D. E. Egnor, administrator, *et al.*, the appellees herein, take the position that Walter Cooper is estopped to assert title against them, and that the appellants, who claim through the said Walter Cooper, are likewise estopped.

From the record and briefs, the question, as to the effect of the instrument of June 12, 1912, is plainly presented. Counsel for the appellees rely upon the words "does grant" in the granting clause of the instrument. They say that Walter Cooper, having acquired the property described in the deed after the execution and delivery thereof, title inured to the grantee, James Egnor, Sr. At the time this instrument was executed, Walter Cooper had no interest in the property. His father, John Cooper, having died and devised the property to his wife, Julia Cooper, the said Walter Cooper had no expectancy in the property as an heir of his father. So far as the record

here discloses, the full legal title to said property resided in Julia Cooper. The instrument contains no covenant of warranty. In an early West Virginia case, it was held: "A grant of land is a mere transfer of such title or right thereto as the grantor, at the time of the grant, may hold or have, absolutely or contingently." *Western Mining and Mfg. Co.* v. *Peytona Cannel Coal Co.*, 8 W. Va. 406, Syl. 24. See *Baker* v. *Letzkus*, 113 W. Va. 533, 168 S. E. 806; Id., 116 W. Va. 647, 648, 182 S. E. 761.

"Certainly, a grant does not contain an assertion of title in the grantor, or imply a covenant with the grantee, to warrant the land." *Western Mining and Mfg. Co.* v. *Coal Co., supra.* Ordinarily a grant of real property with a covenant of general warranty has the effect of passing any title thereto which the grantor subsequently acquires to his grantee, for the grantor is estopped to claim it against his own covenant. *Donehoo* v. *King,* 83 W. Va. 485, 98 S. E. 520; *Clark* v. *Sayers,* 55 W. Va. 512, 47 S. E. 312; *Yock* v. *Mann,* 57 W. Va. 187, 49 S. E. 1019; *Summerfield* v. *White,* 54 W. Va. 311, 46 S. E. 154. In *Summerfield* v. *White, supra,* this court, speaking of the effect of a conveyance without warranty, said: "A conveyance without warranty by mere estoppel cuts off the assertion of any title or claim which the grantor had at the time of the conveyance, but it will not operate to pass to the grantee any title afterwards acquired by the grantor." This rule has also been applied in this state between a mortgagor and mortgagee. *Linn* v. *Collins,* 77 W. Va. 592, 87 S. E. 934; Ann. Cas., 1918 C, 86.

The instrument under consideration does not purport to convey an after-acquired interest. It contains no warranty whatever, and is indefinite as to the interest purported to be conveyed thereby. The minerals in controversy are not described therein as an undivided one-eleventh interest. On the contrary, the description reads in part "as the estate of John Cooper, deceased, this *a* being one heirs part, including all oil, gass and coal and all underlying fluids and minerals, of all kinds, underlying said surface * * *." By no stretch of legal imagination can this deed be construed to convey a definite interest

in the minerals or to contain any warranty or representation that the grantor was seized of any definite interest therein. Especially is this true in view of the fact that John Cooper having died testate, leaving all of his property to his widow, Julia, the grantor, Walter Cooper, was not, and never could be, John Cooper's heir. Under the great weight of American authority and in sound logic, we think Walter Cooper was not estopped as to the after-acquired title. *United States National Bank* v. *Miller*, 122 Ore. 285, 258 P. 205, 58 A. L. R. 339, cases cited in note, page 345.

The appellants having purchased at the sale in the judgment lien suit, took the same interest, estate and right in the property which the Coopers had, and could have asserted, no more and no less. 16 Ruling Case Law, 138, Judicial Sales, section 101; *Bennett* v. *Booth*, 70 W. Va. 264, 73 S. E. 909, 39 L. R. A. (N. S.) 618; *Freudenberger Oil Co.* v. *Gardner*, 79 W. Va. 46, 90 S. E. 815; *Adams* v. *Alkire et al.*, 20 W. Va. 480. It follows that the chancellor erred in granting to the appellees the relief prayed for.

As a preliminary question, the appellees assert that this court is without jurisdiction to hear this appeal. This assertion is based upon the fact that the amount of the Roberts' judgment is $55.08 without $2.65 costs. True, the Roberts' original claim was pecuniary, and their title rests solely upon a cerditors' suit. However, the creditors' suit having been prosecuted to conclusion, and the title at the judicial sale in that suit having become vested in the appellants, the question on this appeal involves the settlement of the title to the mineral rights in question. If this suit were simply a judgment lien creditors' suit, based upon a judgment in an amount less than the constitutional amount, this court would be without jurisdiction. *Deaton et al.* v. *Mitchell et al.*, 45 W. Va. 670, 31 S. E. 968. This, however, is simply a suit to clear cloud on title; to set aside a deed which has already fully vested in the appellants the legal title to the property. Under these circumstances, we have jurisdiction to entertain this appeal.

We think the appellants are entitled to prevail. Their title is paramount to the appellee's claim of title. We, therefore, reverse the decree complained of and remand this case with direction to the trial chancellor to enter a decree in accordance herewith.

*Reversed and remanded.*