G. W. C. LAND COMPANY

*v.*

HOMER GEBHARDT, *Trustee*

(No. 9706)

Submitted September 11, 1945. Decided October 30, 1945.

*Wm. B. Hogg* and *Okey P. Keadle,* for plaintiff in error.
*Howard Streeter* and *Vinson, Thompson, Meek & Scherr,* for defendants in error.

LOVINS, PRESIDENT:

G. W. C. Land Company instituted this action of debt in the Circuit Court of Cabell County, against Homer Gebhardt, Trustee. Upon motion of defendant, he having filed previously an affidavit under Code, 56-10-1, Andrew Lorimer and George D. Lorimer, partners trading as John S. Lorimer's Sons, and Paul Hardy, Jr., were impleaded as defendants. The parties waived a jury and submitted the case to the court on a stipulation

of facts which provided that certain papers, pleadings and notices filed in the chancery suit of Anne B. Hardy against Isaban Coal Company, *et al.*, could be read and considered. The court found for the impleaded defendants, adjudged that they are entitled to the money in the hands of the trustee, and that they recover costs. Plaintiff brings the case to this Court by writ of error.

Under date of May 1, 1927, Hardy Coal Company executed a lease to Little War Creek Coal Company of the Mohawk or Big Eagle seam of coal underlying a tract of 112 acres. Under date of October 5, 1933, Hardy Coal Company and Paul Hardy, its receiver, executed another lease covering the same seam of coal underlying a tract of 305.1 acres. The land so leased was subsequently acquired by Isaban Coal Company subject to the leases.

Isaban Coal Company executed a deed of trust, dated June 15, 1937, to Homer Gebhardt, Trustee to secure an indebtedness of $60,000.00 evidenced by sixty promissory notes. The trust deed provided that the trustee should "receive, hold and apply all rents and royalties accruing under the two coal mining leases with the Little War Creek Coal Company * * * from and after July 1, 1937." After the trust deed was executed a suit was instituted in the Circuit Court of Cabell County, West Virginia, by Anne B. Hardy against Isaban Coal Company and others for the purposes of placing the assets of the coal company in receivership, the ascertainment of the corporate indebtedness, properties and assets, and prayed for the sale of such properties and assets to satisfy its debts, and that the Isaban Coal Company be dissolved and its corporate affairs wound up. In this suit Gebhardt, Trustee, Andrew Lorimer, George D. Lorimer, and The First Huntington National Bank, Trustee, the latter of whom was acting in behalf of Paul Hardy, Jr., filed their answers.

In June, 1938, Gebhardt, Trustee, filed his petition in the suit above mentioned, in which he prayed, *inter alia,*

that Little War Creek Coal Company, lessee in the two leases, be required to pay to him the rents and royalties which had accrued on the two leases above mentioned and that said lessee be required to continue to pay the same as they accrued. The Circuit Court of Cabell County entered a decree on July 6, 1938, showing appearances of the lessee and the special receiver for Isaban Coal Company who had been theretofore appointed. It was decreed that Little War Creek Coal Company should pay to Gebhardt, Trustee, as assignee, the rents and royalties accruing under the two leases hereinabove mentioned, that said lessee should thereafter pay the same as they matured subsequent to the date of the entry of the decree, and that receipts by Gebhardt, Trustee, should operate as an acquittance of the lessee. The court referred the cause to a commissioner in chancery, whose report, after corrections not material in this case, was confirmed. The court, after ascertaining the amount and priorities of debts, liens and otherwise, decreed that the creditors of Isaban Coal Company recover from said company the respective amounts of the debts ascertained to be due and that, if such recoveries as decreed therein should not be paid within fifteen days, the real and personal property of Isaban Coal Company be sold by two special commissioners appointed for that purpose. Included in the properties decreed to be sold were the lands covered by the two coal leases to the Little War Creek Coal Company. The decree of sale provided that the land covered by said leases should be sold subject thereto. The special commissioners made sale of the Isaban Coal Company properties, including the tracts of land covered by the leases, in accordance with the decree of sale, at which sale Wm. B. Hogg, Trustee for George W. Coffey, became the purchaser. The written bid provided that the purchaser did not "waive or release any right or claim he may have to receive, from and after confirmation of sale, all rentals, royalties and revenues accruing by virtue of (1) lease agreement between Hardy Coal Company, a corporation, and Little War Creek Coal Company, a corporation, bearing date May

1, 1927, and (2) lease agreement between Hardy Coal Company, a corporation, and Paul Hardy, Special Receiver, on the one part, and Little War Creek Coal Company, a corporation, on the other part, dated August 5, 1933". A discrepancy exists as to the date of the last mentioned lease, it being shown in one part of the record herein as bearing date October 5, 1933, and in another part of the record as bearing date August 5, 1933, however, the variance is not material. Upon report of sale it was confirmed and the special commissioners were directed to and did execute and deliver a deed of conveyance to George W. Coffey conveying the lands in question, subject to the leases to Little War Creek Coal Company, Wm. B. Hogg, Trustee, joining with the special commissioners in said deed. No reservation was made of the rents and royalties accruing on the two leases made to Little War Creek Coal Company. George W. Coffey subsequently conveyed the property to G. W. C. Land Company, plaintiff herein.

Gebhardt, Trustee, continued to collect the rents and royalties until the seam of coal leased to Little War Creek Coal Company was exhausted, and now has in his possession $3,322.51 derived from that source. The defendant trustee disclaims beneficial ownership of the fund now in his possession. Andrew Lorimer, George D. Lorimer, and Paul Hardy, Jr., (who appeared through The First Huntington National Bank, Trustee, in the suit of Hardy against Isaban Coal Company,) are the owners and holders of the remaining unpaid notes secured by the deed of trust hereinbefore mentioned, and now assert that the money in possession of the trustee is properly applicable to the payment of the unpaid notes held by them.

The questions presented are: (1) What was the effect of the assignments of rents and royalties made in the trust deed?; (2) Did the decree of the Circuit Court of Cabell County entered in the suit of Hardy v. Isaban Coal Company directing payment of rents and royalties to Gebhardt, Trustee, vest in said trustee the ownership

of the moneys for the benefit of the owners and holders of the notes secured by the trust deed? and (3) Did the sale of the reversion made by the special commissioners carry with it the right to rents and royalties, notwithstanding the assignment made in the trust deed and the decree directing payments to Gebhardt, Trustee?

The conveyance of the land and the assignment of rents and royalties by the trust deed were for the purposes of securing the lien debt, and in order that the rents and royalties may be directly applied to payment thereof. The entire lien created by the trust deed, including the assignment, was before the court in the suit of Hardy against Isaban Coal Company, and was enforced therein. The lien debt was partially satisfied by the sale of the trust property, and, so far as shown by the record in the instant case, the holders of the notes secured by the trust deed made no objection to the manner in which their lien was enforced. It cannot be now said that the rights created by the assignment of the rents and royalties were not subject to the decrees of the court in said suit.

The decree entered by the Circuit Court of Cabell County directing payment of rents and royalties to Gebhardt, Trustee, was an interlocutory decree, and in no wise determined that Gebhardt, Trustee, should apply the rents and royalties so collected by him to the payment of the debt secured by the trust deed; nor did said decree adjudicate that Andrew Lorimer, George D. Lorimer, and Paul Hardy, Jr., were the holders of a lien paramount to that of other creditors. No mention is made in said decree of the priorities of lien creditors. On the contrary, when the court did adjudicate the liens and their priorities, the liens held by the Lorimers and The First Huntington National Bank, Trustee for Paul Hardy, Jr., were ascertained as being fourth in priority as to one part of Isaban Coal Company's properties and fifth in priority as to another part of said property. This clearly indicates that the court, in making the interlocutory decree directing payment of rents and royalties

92

to Gebhardt, Trustee, did not intend to adjudicate that such rents and royalties, collected by Gebhardt, should be applied to the trust deed debt to the exclusion of other creditors. We therefore hold that the assignment of rents and royalties made in the trust deed and the inter-locutory decree entered July 6, 1938, do not suffice to set apart and reserve the rents and royalties for the benefit of the owners of the lien created by the trust deed, after the sale of the land. This conclusion is unassailable when it is considered that no reservation of the accrued rents and royalties was made in the decree of sale.

We find nothing in the decree of sale, the notice of sale, the decree of confirmation or the deed made by the special commissioners which shows or tends to show that the rents and royalties were reserved by the special commissioners from the sale of land. It is true that the land was sold subject to the leases held by Little War Creek Coal Company, but that could only mean that the rights of the lessee therein were unaffected by the sale and does not indicate that a reservation of the rents and royalties was made.

"It is generally held that, unless reserved, rents pass as an incident to the reversion and that the purchaser of leased land at a judicial sale is entitled to rents subse-quently accruing." 31 Am. Jur., Judicial Sales, Section 155; *Butt* v. *Ellett,* 19 Wall. 544, 22 L. Ed. 183; *Clark* v. *Strohbeen,* 190 Iowa 989, 181 N. W. 430. See annotations 13 A.L.R. 1425 and 113 A.L.R. 1355. It is true that in the cases of *Butt* v. *Ellett, supra,* and *Clark* v. *Strohbeen, supra,* the controversies related to crop rents derived from land sold at a judicial sale, rather than rents and royalties arising from coal leases, but for the purpose of determining the issue here presented we can see no dif-ference between crop rents and rents and royalties pro-vided for in a lease of land for the purpose of mining coal. Certainly, the purchaser at the judicial sale took the same interest, estate and right in the land which the Isaban Coal Company had. *Egnor* v. *Roberts,* 118 W. Va. 671, 191 S. E. 532. In the absence of any reservation

in the decree the purchaser took the title which was vested in the parties to the proceedings. *Adams* v. *Alkire et al.*, 20 W. Va. 480. Gebhardt, Trustee, held the legal title to the land subject to the leases of the lessee, Little War Creek Coal Company. The owners and holders of the notes secured by the trust deed had the right to sell the land and to assign or retain and collect the rents and royalties for the satisfaction of the lien indebtedness. The legal title vested in the trustee and the right to enforce the provisions of the trust deed for the satisfaction of the lien debt were before the court in the suit of Hardy against Isaban Coal Company, and when the property was sold without reservation, they were entitled to the satisfaction of their lien as adjudicated by the Circuit Court of Cabell County.

We reach the conclusion that the successor in title of the purchaser at the judicial sale made in the suit of Hardy against Isaban Coal Company *et al.*, is entitled to rents and royalties accruing from the date of sale. *Hardman* v. *Brown*, 77 W. Va. 478, 88 S.E. 1016; *Taylor* v. *Cooper* (Va.), 10 Leigh 317. The impleaded defendants were parties to the creditors suit, proved their lien debts therein and could have asserted their claims, if any they had, to the rents and royalties in that suit. Title to the land, legal and equitable, being before the court in the suit of Hardy against Isaban Coal Company, *et al.*, the sale and conveyance made by the special commissioners under the authority of the decrees made in that suit conveyed to the purchaser the reversion in the lands under lease; and the purchaser was vested with ownership of the rents and royalties incident thereto.

Accordingly the judgment of the Circuit Court of Cabell County is reversed, the plaintiff awarded a new trial and the cause remanded for further proceedings in accordance with the principles herein enunciated.

*Reversed and remanded.*